CASE 98—ACTION BY COUNTY JUDGE FOR SALARY.—MAY 16, 1900

# Marion County Fiscal Court v. O. G. Kelly.

APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   REVERSED.

FISCAL COURT—SALARY OF COUNTY JUDGE—FAILURE TO FIX SALARY
PRIOR TO ELECTION AND QUALIFICATION—MAY DO SO SUBSEQUENTLY
—CONSTITUTION NOT VIOLATED.

Held:  1.  The order of the fiscal court made at its October term,
1897, fixing the salary of the county judge at $800 for the year
1897, does not authorize the payment of said sum for the suc-
ceeding year or for the succeeding term.
2. Whilst it was the duty of the fiscal court to have fixed a salary
for the county judge, prior to his election and qualification for
such office, which should prevail during his term; having fail-
ed to perform this duty at the proper time, is not estopped from
its performance afterwards, and the action of said court in
fixing such salary, subsequently, is not violative of section 161
of the Constitution prohibiting any change in the compensation
of a public officer during his term.

BEN SPAULDING, FOR APPELLANT.

The contention of appellee's counsel is based wholly upon sec-
tion 161 of the Constitution.

Section 1072, Kentucky Statutes, says: "The county judge
shall receive an annual salary to be fixed at a reasonable amount
by the fiscal court." How are you going to fix a reasonable sal-
ary unless you fix it each year according to the work done?  Cir-
cumstances might quadruple the work of the county judge out-
lined or contemplated by the preceding fiscal court, and the
magistrates, who compose the fiscal court, term of office begins
and ends with that of the county judge.  I submit that if appel-
lee's contention is right it is liable to work a great injustice to
the incumbent and necessitate putting the county judge on a
different official footing to that of school superintendent and
county attorney.  To hold to the contention of appellee under the
facts in this case is contrary to the spirit and intention of the
framers of the Constitution and annuls the work of the Legisla-
ture, as well as works a great hardship to the Commonwealth and

officers who are looked to and held responsible by the people, for just and fair dealing officially.

**J. P. THOMPSON, FOR APPELLANT.**

The Marion fiscal court at the October term, 1897 allowed the county judge $800 for his services as county judge for the year 1897. The appellee was elected in November 1897, and in January 1898 the court attempted to cut down the allowance of the county judge to $600 per annum. This was clearly an attempt to violate the constitutional right of Judge Kelly. Sections 161 and 235 of the Constitution are too plain for argument and the court below very properly held the fiscal court down to the Constitution.

**LAFE S. PENCE, FOR APPELLEE.**

Any subsequent order after an election or qualification of an officer *can operate only* upon the compensation of officials whose term *begins after* the making of such order. The reason of this is too apparent to any tribunal, and argument is wholly unnecessary on the point.

The two very last cases decided by this court: Bright v. Stone, auditor, 20 R., 817 and Finley v. Stone, auditor, plainly upholds the judgment rendered by the lower court in this cause.

[This case was not marked to be reported until recently or it would have been reported in a previous volume.     REPORTER.]

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

At the regular November election in 1897, appellee, O. G. Kelly, was elected to the office of County Judge of Marion county for a term of four years, and on the 3d day of January, 1898, after having duly qualified as prescribed by law, he entered upon the discharge of the duties of the office.

He alleges in his petition that the salary of the county judge had been fixed by an order of the Marion county fiscal court at its October term, 1897, at $800 per year, and that at its January term, 1898, after his qualification, the said court attempted to reduce his salary from $800 to $600 per year, in violation of section 161 of the Consti-

tution, and that appellant had illegally and wrongfully
withheld and refused to pay him the difference between
$800 and $600 due him upon his salary. Both the orders
are filed with and made part of the petition. The order
of October 27, 1897, by which it is claimed the salary of
the county judge was fixed at $800, is as follows:

Marion Fiscal Court,

October Term, Oct. 27, 1897.

Upon motion, the vote reducing the salary of the county
judge from $800 to $600 for the year of 1897 is ordered to
be reconsidered, and upon further motion and a call of
the magistrate, the following magistrates voted aye: F.
K. Beaven, C. D. Russell, W. F. Hocker, A. Lee and J. F.
Funk, and the following magistrates voted no: O. L.
Cecil, J. W. Buckman and S. A. Noe. It is ordered that
the salary of the county judge for the year 1897 be fixed
at $800.

A copy. Attest:                    A. P. CARTER, Clerk.

By Oliver Kelly, Jr., D. C.

And the order of the January term, 1898, by which it is
alleged the salary of the county judge was reduced to
$600, is as follows:

Marion Fiscal Court,

Special Term, Jan. 20th, 1898.

Upon S. A. Noe it was moved and seconded that the
county judge and common school commissioner's salary
be fixed at $600 per year in conformity to an order made
at last April term of the Marion fiscal court, and upon the
vote being put, the following magistrates voted in favor
of said motion: S. A. Noe, Theo. Brussell, T. A. Beaven,
R. A. Buckman, J. T. Smith, J. R. Kemper, W. F. Hocker
and R. T. McCauley, which was carried. It is therefore

ordered that the salaries aforesaid be fixed at $600 to be paid as by law provided quarterly.

A copy. Attest:          A. P. CARTER, ` Clerk.

By Oliver Kelly, Jr., D. C."

The fiscal court, in its answer, says that it has no au-thority under the law to fix the salary of the county judge for a term of four years; that its powers are restricted to the making of a reasonable allowance to the county judge for services rendered and to be rendered by him to the county for the, years recited in such order; denies . that the order of October 27, 1897, fixed appellee's salary during his term of office at $800 per year, and avers that this allowance was expressly limited by the terms of the order to the year 1897, and to the then incumbent of the office. It is further averred that at the time appellee was elected and qualified as county judge it was understood that his salary was to be fixed each year by the fiscal court at such sum as it should deem fair and reasonable, and that the allowance of $600 made at the January term conformed to these requirements.

The first question to be determined on this appeal is the duty of the fiscal court with reference to fixing the salary of the county judge. Was it its duty to have fixed an annual salary to last during the term of office of the in-cumbent, or to have allowed annually a reasonable sum to the county judge as compensation for the services rendered for the particular year in which the allowance was made? Section 99 of the Constitution provides for the election of a county judge, who shall hold office for four years, and section 100 prescribes his qualification. Section 235 of the Constitution provides "that the salaries of public officers shall not be changed during the term for which they were elected," and section 161 provides that "The compensation

of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office." These sections clearly indicate the purpose of the framers of the Constitution to prohibit any change in the salary or compensation of a public or municipal officer during his term of office, that he might be free from the danger of an unjust reduction of his salary or compensation and at the same time leave the legislative body, in fixing such salary or compensation, as far as possible, free from the importunity and undue influence which might be brought to bear to secure an underserved increase in such salary or compensation. Both were to be as far as practicable independent of each other. Section 1072 of the Kentucky Statutes provides that "The county judge shall receive an annual salary, to be fixed at a reasonable amount by the fiscal court, and paid in quarterly installments by the court." The fixing of an annual salary necessarily means a continuing rate of payment—something that will apply for each succeeding year, and not the fixing of a compensation for a specific time. It was the duty of the fiscal court to have fixed a sum to be paid to the incumbent of the office of county judge during his term of office which could not thereafter be either increased or diminished. In the case of Commonwealth v. Adams, 95 Ky., 590 (16 R., 135), the court, after quoting section 161 and other provisions of the Constitution, said:

"By these express provisions of the organic law it was evidently intended to prevent any interference with the salary or compensation of a public officer during his term of office."

And in the case of the City of Louisville v. Wilson, 99 Ky., 603 (18 R., 427) (36 S. W., 944), the court said:

"It is the obvious and uniform policy of the government,

State and municipal, as well as just to each officer, to fix his compensation definitely and certainly as to amount, except when he is paid by fees of office; that it is equally necessary both for the Government and the officer that his salary when once fixed should not be changed during his term."

This case must therefore be determined from a construction of the order of the fiscal court made at its. October term, 1897. Did it fix or purport to fix an annual salary for the county judge for the ensuing term? We think not, 'as it distinctly prescribes that the salary of $800 to the county judge should be limited to the year 1897, evidently intending to leave the compensation of the county judge for the succeeding years to be provided for by independent orders, upon the theory that the law required such annual allowance to be made by it. Whilst it was the duty of the fiscal court to have fixed a salary for the county judge, which should prevail during his term of office, prior to his election and qualification for such office, having failed to perform this duty at the proper time, it is not estopped from its performance afterwards; and the action of the fiscal court in fixing such salary subsequently was not violative of the provisions of section 161 of the Constitution prohibiting any change in the compensation of a public or municipal officer. (City of Louisville v. Wilson, supra.)

For reasons indicated the judgment is reversed with directions to overrule the demurrer to the answer as amended, and for other proceedings consistent herewith.