CASE 89—PROCEEDING TO FIX THE SALARY OF THE JUDGE OF THE BUL-
LITT COUNTY COURT.

# Daniel v. Bullitt County.

APPEAL FROM BULLITT CIRCUIT COURT.

FROM AN ORDER FIXING THE SALARY AT $300 BY THE FISCAL COURT, DANIEL APPEALED TO THE CIRCUIT COURT, WHICH FIXED IT AT SAME AMOUNT, AND HE APPEALED TO THIS COURT. REVERSED.

OFFICE AND OFFICERS—COUNTY JUDGES—FIXING SALARY—HEARING EVIDENCE—CHARACTER OF EVIDENCE.

Held: 1. The statute provides that the fiscal court of each county shall have authority to fix the salary of its county judge, and an appeal is given from its decision to the circuit court. On appeal by a county judge from the judgment of the fiscal court fixing his salary, the judge and his witnesses were refused permission to testify as to the duties and responsibilities of his office, but were confined to the introduction and reading of the Kentucky statutes relative to county judges. HELD, error, the tendency being to confuse the jury.

2. It was proper to admit testimony as to the judge being interested in a store, and as to the time and attention which he gave to that business.

3. Only such witnesses as are sufficiently acquainted with the duties of the judge, to testify understandingly in regard thereto, should be permitted to testify as to the value of his services.

CHAPEZE & HALSTEAD, FOR APPELLANT.

J. F. COMBS, FOR APPELLEE.

(No record and no briefs.)

Daniel v. Bullitt County.

OPINION OF THE COURT BY JUDGE SETTLE—REVERSING.

Appellant was re-elected judge of the Bullitt county court in November, 1901. His term of office under and by virtue of his election began the first Monday in January, 1902, and will end four years from that date. At the March term, 1902, of the fiscal court of Bullitt county, held for the purpose of fixing salaries and attending to other business then before it, an order was entered by a majority vote of the members present fixing appellant's salary as county judge for the year 1902 at $300, payable quarterly, which sum, as shown by the order mentioned, he refused to accept. An appeal from the order and allowance of the fiscal court was thereupon taken by him to the circuit court of the county, and upon trial had in that court his salary for the year indicated was fixed by the verdict of the jury and judgment of the court at $300. A new trial was refused him by the circuit court, and the case has been brought to this court by appeal.

Numerous errors are assigned for reversal, but only such of them will be considered as are deemed material.

The office of county judge is one of great importance. For the performance of some of the duties required of him, he is compensated by fees fixed by statute, but these are duties mainly clerical in their nature. For others, of a weightier character, the value of which can not be estimated under the fee system, the law provides that he shall be paid a salary, to be fixed each year of his term of office by the fiscal court of the county. The duties and responsibilities of the office are more onerous in some counties than others, for which reason the Legislature has wisely vested in the fiscal court of each county the authority to fix and allow the salary of its county judge, but the authority thus

conferred is not absolute.   For its abuse there is a rem-
edy—the right of appeal to the circuit court.

It appears from the record that the appellant and his
witnesses were refused permission by the lower court to
enter upon a full explanation, in testifying before the jury,
of the duties and responsibilities of his office as county
judge, but were confined, in the main, to the introduction
and reading of the several sections of the Kentucky stat-
utes relating to county judges and their duties.   Indeed, it
appears that as many as sixty-eight sections of the stat-
utes were thus required to be read by appellant while upon
the witness stand.   This requirement of the court made
the jury the judges of the law.   It is not to be expected
that the average jury would be sufficiently learned in the
law to interpret statutes, or to distinguish between such
duties of the county judge as are judicial and such as are
ministerial, or to be able, unaided, to understand what ser-
vices of that officer are remunerated by specified statutory
compensation, or what compensation he is entitled to re-
ceive by way of salary.   We think the jury were probably
more confused than enlightened by the reading to them of
the statutes.   Upon the other hand, a full explanation to
the jury, from the appellant and his witnesses who were in-
formed on the subject, in regard to the nature of such of his
duties, and the labor necessary to their proper perform-
ance, as are to be compensated by the salary allowed him,
would have been sufficient to enable them to understand
what was required of them; and it would, of course, have
been the duty of the court to restrict the testimony of the
witnesses to such statements as would have been competent
under the rules of evidence.

We are of opinion that the lower court did not err in
admitting testimony as to appellant's being interested as

a partner in an agricultural implement store in Shepherds-
ville, and as to the time and attention which he gave to
that business. We think the evidence competent, not for
the purpose of proving neglect of his official duties, but as
tending to show that the duties of his office were not so
exacting as to take all of his time or attention.

It is contended for appellant that the court erred in al-
lowing to go the the jury the evidence of divers witnesses
who are unfamiliar with the duties of appellant as county
judge, yet were permitted to testify in regard to the charac-
ter and value of his services. While some of the witnesses in-
troduced by appellee manifested little knowledge of the du-
ties of the appellant's office, or of the value of his services,
we are not prepared to say that their testimony was prejudi-
cial to him; but, as the case must again be tried, we would
advise that only such witnesses as show themselves suffi-
ciently acquainted with the duties of the county judge to
testify understandingly in regard thereto should be per-
mitted to testify as to the value of his services.

We find no error in the instructions given by the lower
court. But on account of the error committed by that court
in permitting the reading of the statutes to the jury, and in
rejecting the testimony of appellant and his witnesses, as
herein indicated, the judgment is reversed, and cause re-
manded, with directions to the lower court to grant appel-
lant a new trial, and for further proceedings not incon-
sistent with this opinion.