Butler County v. James.

---

CASE 62—ACTION BY E. P. JAMES AGAINST BUTLER COUNTY FOR SALARY AS COUNTY JUDGE.—OCT. 28.

## Butler County v. James.

APPEAL FROM BUTLER CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

OFFICE AND OFFICERS—SALARIES—CHANGE DURING TERM—FISCAL COURT—POWERS—ORDERS—VALIDITY—DEFENSES—PART PAYMENT—ACCEPTANCE—ESTOPPEL.

Held:   1. Where the fiscal court failed to fix the salary of the county judge for his entire term before his election or qualification, as it is required to do by Constitution, sections 161, 235, it may fix such salary thereafter.

2. Constitution, section 161, provides that the compensation of county officers shall not be changed after their election or during their term, and section 235 provides that the salaries of public officers shall not be so changed. HELD, That where the fiscal court appropriated a sum of $500 for the salary of a county judge for the first year of his term, it had no power by a subsequent order to allow him a different amount.

3. Where the fiscal court of a county attempted to change the salary of a county judge during his term, which it was prohibited from doing by Constitution, sections 161, 235, its orders in that behalf were void, and no defense to an action by the judge to recover his full salary.

4. Where the salary of a county judge was illegally reduced during his term, his acceptance of the amount allowed did not estop him from claiming the remainder.

J. W. HARRELD, ATTORNEY FOR APPELLANT.

1. The question raised by special demurrer is that of jurisdiction. Appellant county contends that the fiscal court of the county was a court of competent jurisdiction that this matter was brought before that court, adjudicated, and that appellees' remedy was by appeal to the circuit court from that judgment.

2. We hold that said judgment and orders were not void.

3. The constitutional convention did not intend that sections 161 and 235 thereof should apply to the office of county judge.

4. But if these sections do apply to such officer, then we contend that appellee was re-elected in 1897; that while in office in 1897 the fiscal court in October, 1897, adjourned without fixing his salary, and after his re-election in November, 1897, the court reconvened November 9, 1897, and raised his salary for 1898 from $400 to $500. Section 161 of the Constitution says the salary shall not be changed after appointment or election nor during his term of office.

## CITATIONS.

Newton v. Ohio county, 79 Ky., 267; Constitution, secs. 161 and 235; Constitutional Debates, vol. 4, p. 5581.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee, James, was elected county judge of Butler county at the November election, 1893, and at the November election, 1897, was re-elected to that office. He served out his term. He was allowed by the fiscal court, for his services as county judge, $400 for the year 1897, $500 for the year 1898, $400 for the year 1899, $400 for the year 1900, and $500 for the year 1901. He accepted his pay as allowed by the fiscal court, but after the conclusion of his term filed this suit to recover of the county $200, on the ground that his salary had been fixed at $500 a year, and that for two years of his term only $400 had been paid to him. The county demurred to his petition. The demurrer was overruled. It then filed an answer pleading the orders of the fiscal court in bar of the action. A demurrer was sustained to the

answer, and, judgment having been entered in favor of the
plaintiff, the county appeals.   The orders of the fiscal court
referred to are as follows:

"Butler Fiscal Court, October term, 23d day of October,.
1896.   Appropriated out of the county levy for 1897, for
county judge's salary for the year 1897, same to be paid
quarterly as prescribed by law.   $400.00."

"Butler Fiscal Court, October term, 9th day of November,.
1897.   Appropriated out of the county levy 1898, $500.00 for
county judge's salary for year 1898, to be paid quarterly as
prescribed by law."

"Butler Fiscal Court, 5th day of October term, 7th day of
October, 1898.   Appropriated out of county levy of 1899,
$400.00 for county judge's salary for year 1899, to be paid
quarterly as provided by law."

"Butler Fiscal Court, 5th day of October term, 6th day
of October, 1899.   Ordered that there be appropriated out
of the county levy of 1900, for the purpose of paying county
judge's salary for the year 1900, the sum of $400.00, same
to be paid quarterly as prescribed by law.   Upon question
of which allowance esquires present each voted 'yea,' except
Esq. Taylor, who did not cast his vote upon the question."

Before the adoption of the present Constitution, it was
customary for the court of claims to make allowances annual-
ly to the county judge and county attorney, and it is ap-
parent from the above orders that the Fiscal Court of But-
ler County has been proceeding in the same way since the
adoption of the present Constitution, not observing its pro-
visions:

"The compensation of any city, county, town or municipal
officer shall not be changed after his election or appointment,
or during his term of office; nor shall the term of any such

officer be extended beyond the period for which he may have been elected or appointed." Section 161.

"The salaries of public officers shall not be changed during the term for which they were elected; but it shall be the duty of the General Assembly to regulate, by a general law, in what cases and what deductions shall be made for neglect of official duties. This section shall apply to members of the General Assembly also." Section 235.

Under these provisions, it has been held that the fiscal court can not make any change in the salary of the county judge during his term of office, and that, while it is the duty of the fiscal court to fix the salary of the county judge for his entire term before his election or qualification, yet, if it shall fail to do so, it may fix his salary thereafter. Marion County Fiscal Court v. Kelley, 22 R., 174, 56 S. W., 815; Barrett v. Falmouth, 109 Ky., 151, 22 R., 667; 58 S. W., 520.

The purpose of the constitutional provisions is to leave the officials, whose duty it is to fix the salary, free from the importunity and personal influence of the incumbent of the office, and to secure to him for his term, when his salary is once fixed, the amount so agreed to be paid him, and thus make him more independent in the discharge of his official duty. Under these provisions of the Constitution it is the duty of the fiscal court to fix the salary of the county judge and other county officers, to be allowed by it, before their election; that is, there should be a general order fixing the salaries, and not an allowance each year for that year; and when the salaries are once fixed, they can not be changed to affect those already elected or appointed, and any change will not take effect until after the next election or appointment.

The Butler Fiscal Court, before the election of appellee,

should have made a general order fixing the salary of the
county judge; but if they had failed to do this they could
fix it after his election, or else it could not be fixed at all,
and the failure of the fiscal court to do its duty can not be
permitted to deprive the county judge of his reasonable com-
pensation guarantied him by law; but, when his salary was
once fixed, it could not be changed during his term, so that
he would receive a different amount for different years of
his term.  The order of the county court made at its October
term, 1896, did not undertake to fix the salary of the county
judge, or make any provision for it, except for the year 1897.
It is substantially the same as the order in the case of the
Marion County Fiscal Court v. Kelley, which was held only
to apply to the year 1897.  But the order made by the fiscal
court on November 9, 1897, appropriated $500 for the county
judge's salary for the year 1898, and he was under this order
entitled to have a salary of $500 for the first year of his new
term.  If the court could by a subsequent order allow him
a different amount, then his salary would be changed during
his term, contrary to the express provision of the Constitu-
tion.  The difficulty with the orders made for the years 1899
and 1900 is that they change the salary of the county judge
during his term of office.

The orders of the fiscal court are not a bar to the action.
It is a body of limited power.  One of the things which
it has no power to do under the Constitution is to change
the salary of county officials during their terms.  Its attempt
to change the salary of the county judge, being in violation
of the Constitution, was void, and, being void, their order
may be disregarded when pleaded in bar.  Morgantown De-
posit Bank v. Johnson, 108 Ky., 507, 22 R., 210, 56 S. W.,
825.

The county judge waived none of his rights by accepting

the $400 allowed him for the two years in controversy. He was entitled to a term of four years under the Constitution. He was also entitled to the salary of $500 a year, which, under the Constitution, could not be changed during his term. The acceptance of a part of a debt never estops one to claim the remainder. The case of Lexington v. Rennick, 105 Ky., 779, 20 R., 1609, 49 S. W., 787, 50 S. W., 1106, rests on essentially different facts. There the city had the power of removal, and the officers, by accepting the sums paid them, led the city to understand that they were willing to serve it therefor, and thus secured a continuance of their holding which was dependent upon the pleasure of the city.

Judgment affirmed.