Case 54.—PETITION FOR MANDAMUS BY JOHN R. THOMAS AGAINST S. W. HAGER, AUDITOR, TO COMPEL HIM TO PAY CERTAIN FEES AS POLICE JUDGE.—May 2.

## Thomas v. Hager, Auditor.

Appeal from Franklin Circuit Court.

From the decree denying the writ plaintiff appeals. Reversed.

Office and Officer—Police Judge—Compensation—Change of
During Term.

1. Office and Officer—Police Judge—Compensation—Change of During Term—So much of the act of March 21, 1902, amending section 353, Kentucky Statutes, as provides that no allowance shall be made to any county judge or magistrate or police judge, or other officials authorized by law to hold examining courts, does not apply to such officials who were in office at the time of the passage of said act.

2. Compensation—Change of During Term—Section 161 of the statutes provides that the compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office.

JOHN B. LINDSEY for appellant.

1. The appellant, as police judge, in earning the fees (or salary) charged for, was performing his official duties, and was not chargeable with any neglect of official duty. It would have been a neglect of official duty if he had not performed the services charged for in his account for $61.00. But these services, being part of his official duties and the statute at the time of his election having allowed him the fees charged for such services, clearly the attempt to deprive him of such fees is a deduction

Thomas v. Hager, Auditor

from, and diminution of, his compensation as established by law at the time appellant was elected and qualified as police judge.

### AUTHORITIES.

As to jurisdiction: 2 Bibb., 573, Warren County v. Daniel; 21 Ky. Law Rep., 658, Davis, Supt. v. Conner; 21 Ky. Law Rep., 1515, Stone, Auditor· v. Craft; 21 Ky. Law Rep., 1515, Stone, Auditor v. Cox; 21 Ky. Law Rep., 1159, Stone, Auditor v. Mayo.

Change of compensation of officers: Ky. Constitution, secs. 161 and 235; Ky. Statutes. secs. 353 and 3513; 2 Met., 106, Garrard v. Nutall; 13 B. M., 150, Adams v. The Auditor; 99 Ky., 598, Louisville v. Wilson; 20 Ky. Law Rep., 817; Bright v. Stone, Auditor; 21 Ky. Law Rep., 1059, Commonwealth v. Carter.

N. B. HAYS, Attorney General, and CHAS. H. MORRIS for appellee.

1. Could we not assume to say that the Legislature, in the absence of an express provision to the contrary, had the right to impose a condition under which officers might collect their fees, and we believe they were within the Constitution, and had all the power to say that the fees should not be paid to examining magistrates or other officers until the grand jury had made return to a true bill against the person held.

2. We might say that the court had judicial knowledge of the fact that heretofore the Commonwealth of Kentucky had been put to great expense in the payments of fees to magistrates, clerks, sheriffs and other officers, in holding examining trials (and especially was this so in large cities) in very flimsy, and sometimes imaginary and trumped up cases; this continued until the Legislature was forced to pass some law that would protect the taxpayers, so, instead of changing the fees, they simply made the collection of the fees in such cases contingent on the return of a true bill by the grand jury against the accused.

### AUTHORITIES.

Kentucky Statues, secs. 353-3513; Constitution, sec. 161; Throop on Public Officers, p. 19.

OPINION BY CHIEF JUSTICE HOBSON.—Reversing.

Appellant, Thomas, was elected police judge of the city of Lebanon at the November election, 1901, for a term of four years, beginning on the first Monday

of January, 1902. He regularly qualified, and entered upon the discharge of the duties of his office. At the time he was elected and qualified the fees allowed by law for the holding of examining trials were regulated by sec. 353, Ky. Stats., 1903, which, as it then stood, was as follows: "To county judges and other magistrates for holding examining courts in felony cases, for the first day's service, two dollars; for each additional day, one dollar, not to exceed four dollars in any one case." By an act approved March 21, 1902, the following words were added to the statute: "*Provided,* That no allowance shall be made to any county judge, magistrate, police judge or any other official authorized by law to hold examining courts; and no claim for services incidental to examining courts shall be allowed to any sheriff, deputy sheriff, constable, marshal, policeman, or other officer authorized by law to execute warrants and other process in felony cases until the grand jury of the county in which the defendant is charged with having committed the offense has returned indictment for a felony. All laws in conflict or inconsistent with this act are hereby repealed."

Appellant held twenty-two examining trials in cases in which the grand jury failed to return an indictment for felony against the defendants. The auditor declined to allow the account for the holding of these examining trials, or to pay him anything therefor, and he filed this action for a mandamus against the auditor commanding him to draw his warrant on the treasurer in his favor for the amount of his fees. The circuit court sustained a demurrer to his petition, and he appeals.

The act of March 21, 1902, is a wise provision, and is undoubtedly valid as to all officers elected or ap-

pointed after its enactment. But whether it is valid as to officers theretofore elected or appointed, under sec. 161 of the Constitution, is the question to be determined. That section reads as follows: "The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed." Under this section it was held that circuit court clerks elected when there was no law in force allowing fees against the Commonwealth in felony cases were not entitled to the benefit of an act subsequently passed during their terms allowing a fee of $5 payable out of the treasury in each felony case. (Bright v. Stone, 43 S. W., 207, 20 Ky. Law Rep., 817; Commonwealth v. Carter, 55 S. W., 701, 21 Ky. Law Rep., 1509.) Under these directions the circuit clerks of the State were required to pay back to the treasury the money that had been paid them for fees in felony cases under the act passed after their election. If an act allowing compensation, where none was allowed before, for official services, is within the purview of the constitutional provision when passed after the officer's election, clearly an act subsequently passed disallowing compensation for official services which were allowed by law at the time of his election is equally invalid as to him. It is insisted, however, for the State, that the act of March 21, 1902, does not of necessity change or in any wise reduce the compensation of plaintiff's office, but only imposes the condition that no claim for his services in examining trials shall be allowed until the grand jury of the county has returned an indictment for felony. If the act merely postponed the allowance until the indictment was

found, and did not operate to deprive appellant of compensation for services allowed by law at the time of his election, there would be much force in this position. But the necessary meaning and purpose of the act is that no compensation shall be allowed for services in holding examining trials where the grand jury fails to return an indictment for felony. The Legislature had in mind that the grand jury frequently failed to indict persons for felony where examining trials had been held, and its purpose was to change the existing law so that no allowance should be made for services in examining trials where the grand jury failed to return an indictment for felony. Under the law as it stood when appellant was elected he was admittedly entitled to compensation for his services in the twenty-two cases sued for. If he is not entitled to pay for these services now, it is only by reason of the act of March 21, 1902. It, therefore, necessarily follows that this act, passed after his election, changes his compensation, and disallows pay for services which would have been allowed under the previous statute. If the statute, instead of restricting the character of cases in which the fees for holding examining courts might be paid out of the treasury, had enlarged them—as, for instance, if it had provided that the fees for holding examining courts on charges of misdemeanor should be paid out of the treasury where the defendant was subsequently indicted by the grand jury for a felony growing out of the same transaction, manifestly, under the rule laid down in the cases above referred to, it would have been invalid as to appellant and other officers elected before it was passed on the ground that under the rule heretofore established their compensation must be governed by the law in force at the time of their election. The same princi-

ple must be applied where the law subsequently passed denies compensation allowed by the law in force at the time of the officer's election. The purpose of the constitutional provision is to secure to officers the compensation for their services fixed by law at the time of their election on the faith of which they are presumed to have accepted the office. It applies equally to statutes reducing or increasing their compensation. If the Legislature had passed an act taking away from the police court jurisdiction to hold examining trials in felony cases, then a different question would be presented. But here appellant has performed the services which he was authorized by law to perform, and under the Constitution his compensation can not be changed during his term.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the petition, and for further proceedings consistent herewith.