Case 14.—ACTION BY THE COMMONWEALTH TO THE USE
OF O. W. BRADY AND OTHERS AGAINST N. H. McNEW
COUNTY JUDGE AND OTHERS INVOLVING THE QUES-
TION OF SALARIES OF CERTAIN COUNTY OFFICIALS.
—May 31.

## McNew, County Judge, &c. v. Commonwealth for Use, &c.

Appeal from Nicholas Circuit Court.

Judgment for plaintiffs. Defendants appeal.
Affirmed.

1. County Officers—Salaries—Order of Fiscal Court—Effective
During Term—An order of the fiscal court of Nicholas county
made at its April term, 1901, fixing the salaries of the county
judge, county attorney and superintendent of schools of said
county, whose terms of office began on the first Monday in
January, 1902, is binding on the county and on the said officers
for their respective terms, and the fact that the order specified
that their respective salaries should begin on the first day of
January, 1902, instead of the first Monday in January, 1902,
does not invalidate the order.

2. Same—County Treasurer—Salary—Order Fixing—Change Dur-
ing Term—An order made by the fiscal court of a county at
its April term, 1899, fixing the salary of the county treasurer
at $300 per annum, can not at a subsequent term of the court
be changed during his term of office.

JOHN P. McCARTNEY, HOLMES & ROSS and JAS. H.
MINOGUE attys. for appellants; WILLIAM CONLEY for appel-
lees.    (No briefs—record out of office.)

OPINION BY JUDGE BARKER.—Affirming.

This action was instituted against N. H. McNew,
county judge of Nicholas county, Mattie Bedford
Hamm, superintendent of Nicholas county schools,
James H. Minogue, county attorney, and J. L. Don-
nell, treasurer of Nicholas county, to recover of
them certain sums of money alleged to have been
paid as salaries, and to which they were not entitled.

A judgment was rendered by the circuit court in conformity with the prayer of the petition, of which the officers are complaining.

The question, involved turns upon the validity of certain orders made by the fiscal court concerning the salaries in question. The county judge, the county attorney, and the county school superintendent were elected at the general election in November, 1901, and went into office on the first Monday in January (6th), 1902. At the regular April term, 1901, of the fiscal court of Nicholas county the following order was entered:

"Nicholas County Fiscal Court.

"Regular April Term, 1901, May 21.

"No. 1. It is hereby ordered that the salary of the county judge beginning January 1st, 1902, be, and the same is, hereby fixed at the rate of $600.00 per annum, payable quarterly, out of the county levy.

"No. 2. It is ordered that the salary of the county attorney, beginning January 1st, 1902, be, and the same is hereby fixed at the rate of $400.00 per annum, payable semi-annually, out of the county levy.

"No. 3. It is hereby ordered that the county superintendent of school's salary, beginning January 1st, 1902, be, and the same is hereby, allowed the sum of 13½ cents for each pupil reported in the census report of the district trustees of the county, payable at the regular April and October terms of this court, and out of the county levy."

Afterwards the fiscal court entered the following order:

"Nicholas County Fiscal Court.

"Regular April Term, 1902, April 3.

"The proposition to fix the amount of salaries of the county judge, county attorney, school superintendent, infirmary commissioner and janitor at the court-

house and county treasurer was read, and, upon a vote being taken thereon, the court voted as follows, to-wit: Joseph Wagoner and O. W. Brady voted against said proposition, and Joseph Whaley and W. H. McCarty voted for said proposition. And thereupon the county Judge, N. H. McNew, voted for said proposition, which was declared carried.

"Thereupon it is ordered that said salaries be, and they are, fixed as follows, to-wit:

"(A)   It is ordered by the fiscal court that the salary of the county judge of Nicholas county be fixed at the sum of eight hundred dollars ($800.00) per annum for each and every year, for a term of four (4) years, beginning on the 6th day of January, 1902, and said salary shall be paid in quarterly installments by the county.

"(B)   It is ordered by the fiscal court that the salary of the county attorney of Nicholas county be fixed at the sum of five hundred dollars ($500.00) per annum for each and every year for a term of four (4) years, beginning on the 6th day of January, 1902; said salary to be paid in semi-annual installments by the county.

"(C)   It is ordered by the fiscal court that the salary of the county school superintendent be fixed at six hundred dollars ($600.00) per annum, for each and every year for a term of four (4) years, beginning on the 6th day of January, 1902. Said salary shall be paid in semi-annual installments by the county.

"(D)   It is ordered by the fiscal court that the salary of the county treasurer be fixed at the sum of four hundred and eighty dollars ($480.00) per annum, for each and every year for a term of two (2) years beginning on the 1st day of October, 1901. Said salary shall be paid semi-annually by the county."

It will be observed that, at the time these officers were elected and inducted into office, the salary of the

county judge was fixed at $600 per annum, that of the county attorney at $400 per annum, and the county superintendent of schools was remunerated by certain fees based upon the pupil census report. After they went into office the fiscal court undertook to change these salaries by an order fixing the salary of the county judge at $800 per annum, that of the county attorney at $500 per annum, and that of the county superintendent of schools at $600 per annum.

It is insisted by appellants that the order made at the April term, 1901, regulating their salaries, is void, because the time at which it took effect is fixed for January 1, 1902, whereas their terms did not commence until January 6th, five days later; it being said that this results because it took effect in the term of their predecessors, and sought to regulate and change the salaries of the incumbents then holding the offices during their term, contrary to the provisions of sections 161 and 235 of the Constitution, forbidding the change of an officer's salary, after his election. This position is untenable. It is an elementary rule of construction that the intention of the lawmakers shall be effectuated, if possible, and not frustated by a mere clerical misprision. It is true, the order of the fiscal court made at the April term 1901, (fixed) January 1st as the time it should go into effect and it is equally true that this was five days before the terms of the appellants began and literally there were no terms beginning January 1, 1902, but no one could mistake the purpose of the fiscal court. It would have been absurd to change the salaries of the incumbents then in office during the last five days of their term, even if that could have been done constitutionally. That it could not be done is so obvious that no presumption that the fiscal court intended it, will be indulged. No one can read the order and fail to at once understand that it was directed to a term thereafter to begin; in-

deed, that is the precise language of the order itself. The draftsman merely made the mistake of stating that it should apply to the term beginning the 1st day of January, instead of the first Monday in January. Suppose the first Monday in January, 1902, had fallen on the 2d day of the month, instead of the 6th? If the principle appellants now contend for be sound, the order as made would have been equally void, although not one whole day intervened between the day fixed for the beginning of the order and that upon which the terms began. Orders of court, like statutes, must be construed so as to effectuate, not destroy, them. If the order of April, 1901, had been intended to apply to the then incumbents, as well as to appellants, it would only be void as to the first—not to the latter. We conclude, then, on this branch of the case, that the first order is valid, and the second, by which the salaries of appellants were increased, is void as to the terms of office involved herein, being in contravention of sections 161 and 235 of the Constitution.

The appellant J. L. Donnell was elected treasurer of Nicholas county at the April term, 1899, for a term of two years. He was re-elected at the regular April term, 1901, for two years, and again at the April term, 1903, for a similar term. At the time he was first elected, the following order was made concerning the salary of his office:

"Nicholas County Fiscal Court.
"Regular April Term, 1899, April 11.

"No. 4. On motion of Squire A. Hildreth, it was moved and carried, a majority of the justices therefor, that hereafter the salary of the county treasurer be, and the same is, now fixed at the sum of three hundred dollars ($300.00) per year."

At the time he was re-elected in 1901 the salary of his office was fixed by the order at $300 per annum,

and it was, therefore, beyond the power of the fiscal court to change his remuneration during the term for which he was elected. The contention of appellant Donnell that it was the duty of the fiscal court to fix his salary anew each term is untenable. The order of 1899 was intended to be, as shown upon its face, permanent until changed by a new order. It fixes the salary of the office thereafter at $300 per annum. This view is not shaken by the opinions in the cases of Marion County Fiscal Court v. Kelly, 56 S. W. 815, 22 Ky. Law Rep. 174, and Butler County v. James, 116 Ky. 575, 76 S. W. 402, 25 Ky. Law Rep. 801. In those cases the order establishing the salaries of the officers were limited to one year, and therefore there was no salary at all for the coming terms, unless they could be established after the officers were elected. To meet this hardship, we held, following the principle enunciated in City of Louisville v. Wilson, 99 Ky. 598, 18 Ky. L. R. 427, 36 S. W. 944, that, there being no salary attached to the office at the time the incumbent was inducted, it was competent for the proper authority to establish one. This principle is very clearly enunciated in Butler County v. James, supra, and settles conclusively the unsoundness of appellant's contention on this appeal.

As the judgment of the trial court was in harmony with the views herein expressed, it is affirmed.