CASE 9.—APPLICATION BY N. W. McNEW TO THE FISCAL
COURT OF NICHOLAS COUNTY TO FIX HIS
SALARY AS COUNTY JUDGE AT A SPECIFIED SUM
PER ANNUM.—March 13.

# McNew v. Nicholas County &c.

Appeal from Nicholas Circuit Court.

L. P. FREYER, Circuit Judge.

From the order of the fiscal court he appealed to
the circuit court, and from the order of the circuit
court dismissing his appeal he appeals. Affirmed.

County Judge—Salary—Increase—Void Order—Effect on Second
Term.—Upon the provisions of the Constitution declaring that
no change in an officer's salary can be made during his term,
where the salary of a county judge was fixed by the fiscal
court in April, 1901, at $600 per annum, beginning January 1,
1902, a county judge, whose term began January 1, 1902, was
only entitled to said salary during his term, and the fact that
during his first term an order was made by the fiscal court
increasing his salary to $800 per annum for said term, which
was held to be invalid, did not entitle him, on being re-elected
to a second term, to a salary of $800 under said void order.

HOLMES & ROSS, attorneys for appellant.

We submit that the order of the fiscal court made at its April
term, 1901, applied to the term of the county judge beginning
Monday, January 6, 1902, and said order was not intended to
apply to any future term of said office, and therefore the fiscal
court had the right, and it was its duty to make the order fixing
the salary of the judge at its April term, 1906, for the present term.

AUTHORITIES CITED.

Butler County v. James, 25 Ky. Law Rep., 801; Marion County

McNew v. Nicholas County, &c.

Fiscal Court v. Kelly, 22 Ky. Law Rep., 174; McNew Judge, &c., v. Commonwealth, &c., 29 Ky. Law Rep., 540.

SWINFORD & SWINFORD, attorneys for appellee.

JAS. H. MINOGUE, JNO. F. MORGAN of counsel.

The Constitution of the State is peremptory that no charge can be made in an officer's salary after his election and induction into office, when it has already been fixed for an indefinite time. (See Const., sections 161, 235.)

Such was the order fixing the salary of the county judge as it was fixed in this case at the regular April term, 1901, of the Nicholas fiscal court, and is binding on the county judge in this case.

### CITATIONS.

Constitution of Ky. sections 161, 235; McNew v. Nicholas County, &c., 29 Ky. Law Rep., 540; Butler County v. James, 25 Ky. Law Rep., 801; Marion County v. Kelly, 22 Ky. Law Rep., 174.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The sole question presented by this appeal is whether or not appellant, N. W. McNew, county judge of Nicholas county, can maintain an appeal for the increase of his salary as county judge for or during the term beginning January 1, 1906. The circuit court held that he could not, and therefore dismissed his appeal, prosecuted from the order of the fiscal court fixing his salary.

Appellant was first elected county judge of Nicholas county at the regular November election, 1901. Consequently his first term of office began the first Monday in January, 1902. In May, 1901, several months prior to his election, the fiscal court of Nicholas county, by the following order, fixed the salary of the county judge, without limit as to time or term, at $600 per annum: "Nicholas County Fiscal Court.

Regular April Term, 1901, May 21st. No. 1. It is hereby ordered that the salary of the county judge, beginning January 1, 1902, be, and the same is, hereby fixed at the rate of $600 per annum, payable quarterly out of the county levy." In April, 1902, three months after appellant's induction into the office of county judge following his first election, the fiscal court of Nicholas county made an order increasing his salary from $600 to $800 per annum for the four years of his first term. At the same time the fiscal court also made an increase in the salaries of the county attorney, school superintendent, and county treasurer of Nicholas county, all of whom were also elected to their respective offices at the regular election in November, 1901, for a term of four years. Their terms began, like that of appellant, on the first Monday in January, 1902, and their salaries for the term beginning first Monday in January, 1902, had, like his, been fixed by the fiscal court May 21, 1901. After appellant and the other officers named had received for several years the increased salaries attempted to be fixed by the order of the fiscal court of April, 1902, suit was instituted in the Nicholas circuit court against them in the name of the commonwealth of Kentucky, for the use of the taxpayers of Nicholas county, to recover the amounts paid them, respectively, as salaries in excess of the salaries fixed by order of May 21, 1901. The recovery sought was adjudged by the circuit court upon the ground that the order of the fiscal court increasing the salaries was violative of sections 161 and 235 of the Constitution. The case was appealed, and this court affirmed the judgment of the circuit court. See McNew v. Commonwealth, for Use, etc., 123 Ky. 115, 93 S. W. 1047, 29 Ky. Law Rep. 540.

At the regular election of November, 1905, appellant was again elected county judge of Nicholas county for another term of four years, beginning first Monday in January, 1906, and on that day he duly qualified by giving the required bond and taking the oath of office. Notwithstanding the judgment of the circuit court and of this court declaring unconstitutional and void the order of the Nicholas county fiscal court of April, 1902, which had attempted to increase the salaries of appellant and the other county officers therein named for and during the term for which they had previously been elected respectively, no effort was made by the fiscal court to change appellant's salary as county judge before his second election in November, 1905, or his induction into office on the first Monday in January, 1906, the beginning of his second and present term. In other words, at the time of appellant's election in November, 1905, and when he began his second and present term of office on the first Monday in January, 1906, the order. of May. 21, 1901, fixing the salary of the county judge at $600 per annum "beginning January 1, 1902," was still in full force and effect. Therefore appellant's salary as county judge at the time of his last election and when he was inducted into the office on the first Monday in January, 1906, for and at the beginning of the present term, was $600 per annum. Consequently it cannot be changed during the present term, which will not end until the first Monday in January, 1910. Notwithstanding this fact, the fiscal court of Nicholas county, after appellant's last election and more than three months subsequent to the beginning of his present term of office, by an order entered at its regular April term, 1906, undertook to and did fix his salary at $800 per annum for the present term, beginning

on the first Monday in January, 1906. Appellant, being dissatisfied with the amount thus allowed, appealed to the circuit court. The county filed an answer in that court, alleging that the salary of the county judge had been fixed at $600 per annum by the order of the fiscal court of May 21, 1901; that the salary as thus fixed had not been changed by an order of the court; that the order of May 21, 1901, being in force at the time appellant was elected county judge in November, 1905, and when his present term of office began in January, 1906, the attempt of the fiscal court by order at the April term, 1906, to change and increase the salary to $800 for thê present term, was illegal and void. Appellant filed a demurrer to the answer, which was overruled. He then filed a reply to the answer in which the grounds constituting the basis of his alleged right to an increase of salary were specifically set forth. Appellee demurred to the reply, the demurrer was sustained, and, appellant refusing to plead further, judgment was entered dismissing his appeal, and from that judgment this appeal is prosecuted.

We think the question presented for our consideration on this appeal was conclusively settled in the case of McNew v. Commonwealth, for Use, etc., supra, as it was therein held that the order of the fiscal court of May 21, 1901, fixing the salaries of the county judge, county attorney, and superintendent of schools of Nicholas county, whose terms of office began on the first Monday in January, 1902, was valid and binding on the county and the officers in question for their respective terms, and the fact that the order specified that their respective salaries should begin on ·the 1st of January, 1902, instead of the first Monday in January, 1902, did not affect the validity of the order,

and, further, that the subsequent order made after their induction into office, by which it was attempted to increase the salaries for the term, was invalid, because in contravention of sections 161 and 235 of the Constitution.

Counsel for appellant contends that an affirmance of the judgment appealed from will, in effect, mean that the salary of the county judge of Nicholas county is permanently fixed at $600 per annum by order of May 21, 1901. This is an exaggerated view to take of the matter, and is unwarranted by any decision of this court upon the question involved. The Constitution of the State is mandatory that no change can be made in an officer's salary after his election and induction into office, and this is true, whether the salary had previously been fixed to cover the period embracing the term for which he was elected, or merely fixed, as in the case at bar, for an indefinite term. Sections 161, 235, Constitution of Kentucky.

The order fixing appellant's salary is susceptible of but one construction. Its meaning is plain. Its language fixes the salary of the county judge "beginning January 1, 1902," at $600 per annum, payable quarterly out of the county levy. It does not, therefore, fix appellant's salary as county judge for the one term of four years beginning the 1st of January, 1902, but fixes it also for the succeeding term of four years; that is, the present term of appellant and other terms that may follow. It may, however, be set aside or changed by the fiscal court, but not to affect the salary of the county judge for or during a period covered by the term for which he was elected, while the order was still in force. If appellant was dissatisfied with the salary of $600 fixed by the order of May 21, 1901, he might have had it changed by the

fiscal court and the salary increased before his election and induction into office for the next (his present) term; the order providing that the increased salary should begin the first Monday in January, 1906. But this was not done. The change and increase in his salary was not made until after his election for the second or present term, and his induction into office for that term. Therefore it was in contravention of the provisions of the Constitution, supra, and void.

The conclusion we have reached does not conflict with those expressed in the cases of Marion County Fiscal Court v. Kelly, 112 Ky. 831, 56 S. W. 815, 22 Ky. Law Rep. 174, and Butler County v. James, 116 Ky. 575, 76 S. W. 402, 25 Ky. Law Rep. 801. As explained in McNew, Judge, v. Commonwealth, for Use, etc., supra: "In those cases the order establishing the salaries of the officers was limited to one year, and therefore there was no salary at all for the coming terms, unless they could be established after the officers were elected. To meet this hardship, we held, following the principle enunciated in City of Louisville v. Wilson, 99 Ky. 598, 18 Ky. Law Rep. 427, 36 S. W. 944, that, there being no salary attached to the office at the time the incumbent was inducted, it was competent for the proper authority to establish one. This principle is very clearly enunciated in Butler County v. James, supra, and settles conclusively the unsoundness of appellant's contention on this appeal."

Judgment affirmed.