## Breathitt County, et al. v. Turner.

(Decided March 23, 1928.)

### Appeal from Breathitt Circuit Court.

1. Judges.—Appeal from order of the fiscal court to the circuit court from the former's action in fixing salary of county judge, held, under Ky. Stats., sec. 1072, the proper procedure.

2. Appeal and Error.—In a proceeding in the circuit court on appeal from the fiscal court's order fixing salary of county judge, pursuant to Ky. Stats., sec. 1072, circuit judge's remark during trial that jurors received only $3 a day, and that such pay was not enough, held not prejudicial to county.

3. Judges.—On appeal to the circuit court from the fiscal court's determination fixing the salary of the county judge, pursuant to Ky. Stats., sec. 1072, the circuit court had jurisdiction of the subject-matter.

4. Appeal and Error.—Where witnesses' testimony was conflicting, Court of Appeals could not reverse a judgment merely because jury attached more importance to evidence of one set of witnesses than it did to that of another.

5. Judges.—$2,000 annual salary for judge of Breathitt county, as fixed in circuit court on appeal from determination of fiscal court, held not excessive, where population of county was over 20,000, property in county was assessed for taxation at about $8,000,000, and about $35,000 taxes were paid for county purposes.

6. Appeal and Error.—In a proceeding in the circuit court to fix the salary of county judge pursuant to Ky. Stats., sec. 1072, on appeal from fiscal court, permitting question to be asked of witness as to what it would cost to support a family of seven, where it had been shown judge's family was of that size, held harmless error, where witness had answered that he did not know.

7. Judges.—In a proceeding in the circuit court, on appeal from fiscal court's determination under Ky. Stats., sec. 1072, in fixing salary of county judge, evidence that county was in debt held properly excluded as throwing no light on reasonable salary for judge.

8. Judges.—Though it is a matter within the discretion of the fiscal court to fix the salary of county judges, as provided by Ky. Stats., sec. 1072, an abuse of such discretion will be corrected by the courts.

9. Judges.—Since fiscal court is not permitted to abolish the office of county judge directly, it cannot do so indirectly by fixing the salary of the office so low under Ky. Stats., sec. 1072, that no man will have the office.

GRANNIS BACH for appellants.

O. H. POLLARD for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Breathitt county is appealing from a judgment of the Breathitt circuit court fixing the salary of William Turner, county judge of Breathitt county, at $2,000 per annum. Turner began his services as county judge in

January, 1926. It is conceded that at that time the salary of the county judge for that term had not been fixed. By section 1072, Kentucky Statutes, it is made the duty of the fiscal court to fix the salary of the county judge at a reasonable amount, to be paid in monthly installments by the county. On August 11, 1926, Turner asked the fiscal court of Breathitt county to fix his salary at $200, per month, which the fiscal court declined to do, but fixed it at $1,700 annually. From that action Turner prosecuted an appeal to the Breathitt circuit court, which was the proper procedure. See Ohio county court v. Newton, 79 Ky. 267, 2 Ky. Law Rep. 306. The matter was heard before a jury in the circuit court, and resulted in the judgment stated.

The county's first complaint is of certain misconduct of the circuit judge who tried the case. That conduct consists in this, that during the trial some one spoke of the pay jurors received, whereupon the circuit judge remarked:

"They get $3 now. They got $2, now they get $3, and they don't get enough now."

It would require considerable stretch of the imagination to conclude that this was prejudicial, so we find no merit in that.

His next complaint is that the circuit court did not have jurisdiction of the subject-matter of the action, and did not have the right to fix the salary of the county judge of Breathitt county. That would be true originally, but this case was before the circuit court on appeal from the action of the fiscal court, and this was the proper procedure. See Marion County v. Kelly, 112 Ky. 831, 56 S. W. 815, 22 Ky. Law Rep. 174; Daniel v. Bullitt County, 115 Ky. 741, 74 S. W. 1057, 25 Ky. Law Rep. 159; Butler County v. James, 116 Ky. 575, 76 S. W. 402, 25 Ky. Law Rep. 801; McNew v. Nicholas County, 125 Ky. 66, 100 S. W. 324, 30 Ky. Law Rep. 1147; Monroe County Court v. Miller, 132 Ky. 102, 116 S. W. 272; Brown v. Laurel County Fiscal Court, 175 Ky. 747, 194 S. W. 907; Henderson County v. Dixon, 63 S. W. 756, 23 Ky. Law Rep. 1204; Mercer County Court v. Pearson, 71 S. W. 639, 24 Ky. Law Rep. 1368; Garrard County Court v. McKee, 11 Bush, 234; Gudgell v. Bath County Court, 10 Ky. Opin. 780.

The next complaint is that the verdict of the jury is not sustained by sufficient evidence, and is contrary to

law.   We have examined the evidence carefully, and it appears to us that the weight of the evidence would have sustained a higher finding.   Of course, the witnesses did not agree, but we cannot reverse a judgment because the jury attached more importance to the evidence of one set of witnesses than it did to another.   McKenzie v. Commonwealth, 221 Ky. 276, 298 S. W. 693.

The next contention is that the salary is excessive, but we find no merit in that contention, and the attorney prosecuting this appeal for the county has not found sufficient merit in it to discuss it.   The same is true of the next contention, which is that the court did not properly instruct the jury.

The final complaint is directed to the action of the court in admitting and excluding evidence.   The evidence complained of consists in this, that Turner was allowed to show there were seven members in his family, and the court permitted a witness to be asked what it would cost to live in Jackson per month with a family of seven.   What is a reasonable compensation for the services of Turner as judge of the county court was the sole question in this case.   It makes no difference whether he had a family of seven or seventeen, or was a bachelor. Still this question could not have prejudiced the county's case, for the witness answered he did not know.   The county offered evidence to show that it was very much in debt, which the court declined to admit.   There was an avowal made on behalf of the county that there were outstanding warrants against it aggregating $86,000.   This evidence was properly excluded, for it threw no light upon the question before the jury.   If admissible, it would have been more favorable to Turner than to the county, for the value of his services is not measured by what the county owes.   The more money the county owes, the more problems there will be presented to the county judge for solution.   In such a financial situation, the county needs the services of the very best man available, a financial Solomon, if obtainable, and all of us know by experience that there is nothing so harassing and annoying as debts that we are unable to pay.   These debts necessarily must add to the difficulties, worries, and work connected with the office.

It was the duty of the fiscal court to fix for this man a reasonable compensation.   That is a matter within their discretion, but the fiscal court can abuse its discretion, and, when it does, the courts will correct that abuse.

The fiscal court is not permitted to abolish the office of county judge, and, not having authority to do that directly, it cannot do so indirectly by fixing the salary so low that no man will have the office. Further authorities upon the question of the right of a public officer to a reasonable compensation will be found in De Merritt v. Weldon, 154 Cal. 545, 98 P. 537, 671, 16 Ann. Cas. 955; and 20 Ann. Cas. p. 148.

The counties of this state for years have depended upon their county judges getting a living from the costs, etc., received by them as judges of the quarterly court, but, since the decision in Wagers v. Sizemore, 222 Ky. 306, 300 S. W. 918, this system can no longer prevail. The counties will have to arrange to pay their county judges a reasonable salary. Breathitt county has more than 20,000 inhabitants, whose property is assessed for taxation at nearly $8,000,000, and they pay about $35,000 taxes for county purposes; a $500,000 bank would be pleased to have such an income, but what bank with such an income would put at the head of its affairs a man whose services they considered worth only $1,700 per year, and expect him, out of that, to live and pay his traveling expenses. When the stock of the steel corporation had practically no value, it put at the head of its affairs Elbert H. Gary, and his management gave life to the corpse and value to its stock.

Finding no prejudicial error in the record, the judgment is affirmed.