## Roberts, County Clerk, v. Walker, County Judge.

## Same v. Ross, County Attorney.

(Decided January 29, 1929.)

592

BARNES & SMITH for appellant.

GLOVER H. CARY and D. C. ROSS for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

F. L. Walker was elected county judge of McLean county in November, 1925. At the same time D. C. Ross was elected county attorney. The term of office of each began on the first Monday in January, 1926. On December 8, 1925, after the election of the county judge and county attorney, but before their qualification, the fiscal court made an order fixing the salary of the county judge at $1,200 per year, and that of the county attorney at $1,000 per year, for the ensuing four years. The officers were paid according to this order until some question was raised about it, whereupon the county clerk refused to issue vouchers for the salaries, and these two suits were filed for writs of mandamus to require the clerk to draw his warrants on the treasurer for the accrued salaries. The lower court awarded the writs, and the clerk appeals.

The Constitution provides that the compensation of any city, county, town, or municipal officer shall not be changed after his election or appointment, or during his term of office. Constitution, sec. 161. There is a further provision that the salaries of public officers shall not be changed during the term for which they were elected. Constitution, sec. 235. It is conceded, as it must be, that the salary of the county judge and the county attorney may not be changed during the terms for which they were elected. The purpose to prevent that result is plain, and the provisions of the Constitution are mandatory. James v. Barry, 138 Ky. 656, 128 S. W. 1070; Thomas v. Hager, 120 Ky. 428, 86 S. W. 969, 27 Ky. Law Rep. 813; Neutzel v. Fiscal Court, 183 Ky. 1, 208 S. W. 11.

But, when the fiscal court has failed to fix the salary of a county officer before his election, the constitutional provision does not disable the court from entering an order fixing his salary after his election. The Constitution does not provide that the salary of the officer shall not be fixed after his election, but only that it shall not be changed. It has been the settled practice to fix the salaries after the election when they had not been estab-

lished by previous action. That practice has been sanctioned by this court. Butler County v. James, 116 Ky. 577, 76 S. W. 402, 25 Ky. Law Rep. 801; Marion County Fiscal Court v. Kelly, 112 Ky. 831, 56 S. W. 815, 22 Ky. Law Rep. 174; Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133; Hurt v. Morgan County, 166 Ky. 364, 179 S. W. 255.

If there is no order fixing the salary of a county officer, and the fiscal court makes an allowance of salary for the first year, it is bound to make the same allowance for each year of the term. It happens that the first appropriation after his election for the salary of an officer, when it had not been fixed by previous order, operates as an establishment of the salary for that term, which may not be changed. It has also been held that an officer, whose salary had not been fixed before his election, had a right to appeal from an order of the fiscal court fixing unsatisfactory compensation, and the reasonableness of the compensation to be paid may be determined by a jury. Breathitt County v. Turner, 223 Ky. 727, 4 S. W. (2d) 695; Brown v. Laurel Fiscal Court, 175 Ky. 747, 194 S. W. 907.

The ultimate question presented here is whether, prior to the election of the appellees, the fiscal court had fixed the salaries of the county judge and county attorney. The appellant relies upon an order of the fiscal court made on October 21, 1913, which reads:

"Motion by Esq. Higgs and seconded by Esq. Ellis, that the County Judge's salary of $600.00, be allowed payable quarterly out of officers funds levy 1914, for the year 1914.

"Motion by Esq. Tichenor, seconded by Esq. Higgs, that the officers' salaries be fixed as follows: County Attorney, $500.00; School Supt., $600.00; Jailer, $600.00; Road and Bridge Supt., $600.00; Health Officer, $300.00; and same are hereby allowed payable quarterly out of officers funds levy 1914."

The same allowance in the same form was made to the county judge and the county attorney for the years 1916, 1917, 1918, and 1919. For the six years immediately preceding the November election, 1925, the county judge had been paid a salary of $900, and the county attorney a salary of $800, but the orders allowing those salaries were in the form quoted, and did not undertake to establish the salaries of the officers for any future years.

The order of October 21, 1913, does not purport to fix the salaries of the county judge and county attorney. It merely allows the salary for that year to be paid out of the levy for the year 1914. It presupposes that the amount of it was already fixed. It is nothing but an appropriation out of the levy for 1914 for the payment of the salaries for that year. McNew v. Nicholas County, 125 Ky. 66, 100 S. W. 324, 30 Ky. Law Rep. 1147, is not an authority to the contrary. In that case an order made in May expressly fixed the salary of the county judge at the rate of $600 per annum beginning January 1, 1902. That order was made prior to the election, and by its terms fixed the salary for an indefinite time, and continued in force until changed or superseded by another valid order. An order subsequently entered attempted to change the salary after the election of the incumbent, and it was held to be void. McNew v. Commonwealth, 123 Ky. 115, 93 S. W. 1047, 29 Ky. Law Rep. 540.

An order, appropriating money out of the levy for a particular year to pay a salary, does not fix the salary, for future terms. Marion County Fiscal Court v. Kelly, 112 Ky. 831, 56 S. W. 815, 22 Ky. Law Rep. 174; Butler County v. James, 116 Ky. 575, 76 S. W. 402, 25 Ky. Law Rep. 801; McNew v. Nicholas County, 125 Ky. 72, 100 S. W. 324, 30 Ky. Law Rep. 1147. It is apparent, therefore, that the fiscal court was at liberty to fix the salary of the appellees after their election and if they were not satisfied with the order, the officers had a right of appeal. Breathitt County v. Turner, supra. But, if no appeal was taken, the order became binding and unchangeable during the terms for which they were elected.

The circuit court was right in awarding the mandamus, and the judgment in each case is affirmed.