## Estill County et al. v. Noland et al.

December 3, 1946.

John W. Walker for appellants.

Shumate & Shumate and J. M. Wolfinbarger for appellees.

Opinion of the Court by Van Sant, Commissioner —Reversing.

KRS 25.250 provides that courts shall fix the salaries of county judges not later than the first Monday in May in the year in which they are elected. KRS 69.250 provides the same in respect to the fixing of salaries of county attorneys. On the sixth day of April, 1937, the Fiscal Court of Estill County fixed the salary of the County Judge at Eleven Hundred Twenty-Five Dollars ($1125.00) per year, and the salary of the County Attorney at Seven Hundred Fifty Dollars ($750.00) per year, for the four year term beginning January, 1938. On the first day of April, 1941, the Court entered the following order:

"Motion by Puckett and seconded by Benton, that the salary of the County Judge, County Clerk, County Attorney, and Librarian remain as it is."

In 1945 no order was entered by the Fiscal Court previous to the first day of May, although County officers were elected in November of that year. At that election appellees Noland and Stevens were elected County Judge and County Attorney respectively. On the fourth day of December, 1945, the Fiscal Court entered an order fixing their salaries at Twenty-Four Hundred Dollars ($2400.00) and Fifteen Hundred Dollars ($1500.00) respectively. This action was instituted by Estill County, by and through its Fiscal Court as presently composed, seeking a declaration that the order of December 4, 1945 is void and of no effect, in so far as it applies to appellees Noland and Stevens; and, further, that the salary of Noland be declared to be Eleven Hundred Twenty-Five Dollars ($1125.00), and that of Stevens to be Seven Hundred Fifty Dollars ($750.00), under the contention that it was so fixed by the order of April 1, 1941; and that the purported order of December 4, 1945, contravenes Section 161 of the Constitution, which, in so far as pertinent provides:

"The compensation of any city, county, town or

municipal officer shall not be changed after his election or appointment, or during his term of office; * * *."

The Chancellor decreed the order of December 4, 1945 to be valid after refusing to hear the testimony of two members of the Fiscal Court, as composed in April, 1941, to the effect that it was the intention of the Court, at the time it entered the 1941 order, to fix the salaries of County officers only for the four year term commencing January, 1942. In support of this conclusion, appellees rely upon this Court's decision in Roberts, etc. v. Walker, etc, 227 Ky. 591, 13 S. W. 2d 761. In support of its contention that the order of December 4, 1945 is inhibited by Section 161 of the Constitution, appellant relies upon this Court's opinions in McNew, etc. v. Commonwealth, etc., 123 Ky. 115, 93 S. W. 1047, 29 Ky. Law Rep. 540; and McNew v. Nicholas County, 125 Ky. 66, 100 S. W. 324, 30 Ky. Law Rep. 1147. In Roberts v. Walker, supra, we held that, where the fiscal court has failed to fix the salaries of county officers before their election, it could do so after their election without violating Section 161 of the Constitution. In so holding, the Court observed that the fixing of a salary did not constitute a change in the salary unless an order effective for the term of office under consideration previously had been made. In the first McNew case, an order made in May expressly fixed the salary of the county judge at Six Hundred Dollars per annum, beginning January 1, 1902. It was held that this order, having been made prior to the election, although silent concerning the period of time its provisions should remain in effect, did in fact fix the salaries until such time as a subsequent valid order should become effective; and, in the second McNew case, it was held that an order subsequently entered attempting to change the salary after the election of the incumbent was not valid. We see no distinction between the fiscal court's order discussed in the first McNew case and the order of the Estill Fiscal Court entered April 1, 1941. At the time it was passed, the order of the Fiscal Court entered April 6, 1937 was in effect and the salaries therein provided for definitely were fixed. The order of 1941 had the effect of continuing those salaries until a subsequent valid order was entered changing them; therefore, at the time of the November election in 1945, the salaries of the County

Judge and County Attorney were fixed at $1125.00 and $750.00, respectively; and the order of December 4, 1945, if carried into effect, would be violative of Section 161 of the Constitution, in so far as it purports to change the salaries of the officers elected in 1945; and since, by its own terms, its effective date terminates with the tenure of office of the incumbents, it is void. Were we to hold otherwise, Section 161 of the Constitution would be emasculated, because its circumvention could be accomplished by refusal of the Fiscal Court to follow the mandatory provisions of KRS 25.250 and KRS 69.250. In rendering this decision, we would not be understood to either approve or disapprove the decision in Roberts v. Walker, supra.

The Court properly excluded the testimony of the former members of the Fiscal Court, because the 1941 order was not ambiguous and the Fiscal Court can speak only through its records.

The contention that the 1941 order is void because of its vagueness is without merit; it very definitely continued into effect the salaries fixed by the order entered in 1937.

The judgment is reversed, with directions that it be set aside, and that another be entered in conformity with this opinion.