### THE UNION CEMETERY ASSOCIATION et al., Respondents, *v.* DAVID W. McCONNELL et al., Appellants.

In an action brought by property owners in the city of Buffalo to determine the legality of certain assessments upon their premises to pay the expense of macadamizing a street, to enjoin the city from enforcing the collection thereof, and to restrain payment of any money to the defendant McC., who was the contractor for the work, out of the fund created by the assessment, it appeared that the contract with McC. provided that payments should be made to him semi-monthly, as the work progressed, at the discretion of the common council, upon estimates of the engineer of the amount of work actually performed. The only finding as to any wrong doing by any city officer was that the city engineer, knowing that McC. had not performed the work in accordance with the specifications, had recommended the common council to pay McC. out of said fund. There was no finding that said recommendation had been adopted, or that the common council were about to adopt it, or had fraudulently or wrongfully directed payments to McC., or that the other city officials, without whose acts, under the city charter (§ 30, tit. 2, chap. 519, Laws of 1870), money could not be drawn from the treasury, were threatening to do any wrong or improper act, or that McC. held any orders or warrants that have not been paid. A judgment was rendered, declaring the assessments void, restraining their collection, and enjoined the city and its officers from drawing any order or warrant, or directing any to be drawn, on said fund to McC. or his order until the work was completed as required. The General Term reversed the judgment as to the assessments, but affirmed the residue thereof. *Held*, it must be assumed that the assessments and the contract with McC. were valid; that in the absence of a finding that the duty imposed upon the common council by the charter as to McC.'s contract was not properly and rightfully performed, the court could not interfere, and, therefore, that the affirmance was error.

(Argued December 4, 1890; decided January 14, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 22, 1886, which affirmed in part and reversed in part a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Giles E. Stilwell* for appellant McConnell.

*Frank C. Laughlin* and *W. F. Worthington* for the City of Buffalo, appellant. The exception taken to the conclusion of law, that the plaintiffs were entitled to judgment against the city, is valid. (Laws of 1881, chap. 531.)

*Frank R. Perkins* for respondent. This action is clearly within the equitable jurisdiction of the court. (*Overton* v. *Olean*, 37 Hun, 47; *Harvey* v. *McDonell*, 48 id. 409; *Clark* v. *Dunkirk*, 12 id. 184; *Strusburg* v. *New York*, 87 N. Y. 454; *N. Y. I. Asylum* v. *Bd. Suprs.*, 31 Hun, 116; *In re N. Y. C. Protectory*, 77 N. Y. 342; *Bank of Chemung* v. *Elmira*, 53 id. 49; *Lathrop* v. *City of Buffalo*, 3 Abb. Ct. App. Dec. 33; *Boyle* v. *City of Buffalo*, 71 N. Y. 5; *In re Raymond*, 21 Hun, 229; *In re Righter*, 16 Wkly. Dig. 567; *People* v. *City of Rochester*, 54 N. Y. 511; *Hassen* v. *City of Rochester*, 65 id. 516; 67 id. 529; *Taylor* v. *Palmer*, 31 Cal. 254; *In re Market St.*, 49 id. 546; *Thomes* v. *Gain*, 35 Mich. 162; *Kellogg* v. *City of Elizabeth*, 40 N. J. 274; *Morris* v. *Jersey City*, 40 id. 486; Dillon on Mun. Corp. §§ 451, 809, 810, 811, 921, 922, 923, 924; *Henderson* v. *Lambert*, 14 Bush. [Ky.] 24; *McCafferty* v. *Mayor, etc.*, 13 How. Pr. 276; *Bond* v. *Newark*, 19 N. J. Eq. 376; *Liebstein* v. *Newark*, 24 id. 200, 238; *U. T. Co.* v. *Weber*, 96 Ill. 346; *Stone* v. *Veile*, 38 Ohio, 314; *People* v. *Van Vort*, 65 Barb. 331; *Smith* v. *City of Buffalo*, 1 Sheld. 494; *Green* v. *Mayor, etc.*, 3 T. & C. 753; *Dickerson* v. *Poughkeepsie*, 7 Hun, 1; 75 N. Y. 65; *Hersee* v. *Buffalo*, 1 Sheld. 446.)

This action may . also be upheld under chapter 531 of the Laws of 1881. (1 R. S. [7th ed.] 865; *Tappan* v. *Crissey,* 64 How. Pr. 496; *Latham* v. *Richards,* 15 Hun, 129.) The facts found by the referee are not excepted to, but are the conceded facts in the case; upon these facts the judgment is authorized and should be sustained. (*B. C. Cemetery* v. *City of Buffalo,* 46 N. Y. 506.)

Brown, J. This action was brought by the Union Cemetery Association of Buffalo and six other plaintiffs to determine the legality of certain assessments upon the plaintiffs' premises levied to pay the expenses of macadamizing Delaware street in the city of Buffalo, and to enjoin the said city from enforcing the collection thereof, and to restrain payment of any money to the defendant McConnell, who was the contractor for doing said work.

The judgment entered upon the report of the referee before whom the action was tried declared said assessments void, restrained their collection, and enjoined the city and its officers from drawing any order or warrant, or from directing any order or warrant to be drawn upon the fund created by said assessments to the defendant McConnell or any other person on account of the work done on said Delaware street, until said work should be done and completed as required by the specifications and until the further order of the court.

Upon appeal to the General Term that court reversed that part of the judgment which declared the assessments void, and restrained their collection, and adjudged " that the judgment appealed from in so far as it restrains, enjoins and prevents the city of Buffalo, its officers and agents, and particularly the defendant, the treasurer of the city of Buffalo, and each and every of them, from paying out or expending any money from the fund created or to be created by the collection of the assessments contained in the assessment-roll mentioned and referred to in the pleadings of any part of said assessments upon the warrants heretofore drawn upon said fund, etc., etc., is affirmed."

From the last quoted part of the judgment the city of Buffalo and the defendant McConnell have appealed to this court.

We are of the opinion that the judgment appealed from cannot be sustained.

Without expressing any opinion whether an action might be maintained under chapter 531 of the Laws of 1881, to restrain payments to the contractor upon the facts alleged in the complaint, it is sufficient to say that the action was not brought under that statute, and by reason of obvious defects cannot now be supported by it, and that the findings of the referee do not sustain the General Term judgment.

There is no finding that McConnell holds or has ever had any orders or warrants that have not been paid. The only finding on that subject is, "that there has been collected on said roll the sum of $983.93, and there has been paid out on orders drawn thereon $619."

But treating the General Term judgment as an affirmation of the Special Term, and intended to restrain generally payments from the fund until the work was completed, the judgment must be reversed.

By the provisions of the charter, title 2, section 30, chapter 519, Laws of 1870, money can be drawn from the treasury only on warrants authorized by the common council, signed by the mayor or city clerk, and countersigned by the comptroller, specifying the purpose for which they are drawn, and the fund out of which they are payable. The contract with McConnell provided that payments should be made to him semi-monthly as the work progresses, at the discretion of the common council, upon an estimate of the engineer of the amount of work actually performed. The only finding as to any wrong doing by any city officer is that the city engineer, knowing that said contractor had not performed the work in accordance with the specifications, had recommended to the common council payment to said contractor out of the fund.

There is no finding that the common council had adopted said recommendation, or were about to do so, or had fraudu-

lently or wrongfully directed payments to said contractor, or that the mayor, city clerk or comptroller, without whose acts money could not be drawn from the treasury, had or were threatening to do any wrong or improper act.

The case seems barren, therefore, of any fact that would justify the court in restraining the city and its officers from performing its duty toward the contract in question which the charter had plainly devolved upon them.

The record does not contain any opinion of the General Term, and we are not informed of the reasons for the judgment of that learned court.

As the case came to us we must assume that the assessment and the contract with McConnell are valid.

The plaintiffs' contention is, that as the work was not done in accordance with the specifications, and has not materially benefited or improved their property, the contractor should not be paid. Their claim is certainly reasonable and equitable, and the contractor should not be paid until he has performed his contract.

But the charter has devolved upon the common-council the duty of auditing the contractor's bills, and determining when and in what sums he should be paid, and in the absence of any finding by the referee that that duty was not being properly and rightfully performed the court cannot interfere.

We are of the opinion that the complaint states but one cause of action, and that, assuming as we must that the assessments were legal, the judgment appealed from cannot be sustained in the facts found by the referee. It must, therefore, be reversed, and the complaint dismissed, with costs to the appellants in all courts.

All concur, except Bradley and Haight, JJ., not sitting.

Judgment reversed.