## CARPENTER *et al. v.* CROWLEY *et al.*

Under the evidence and pleadings in this case there was no abuse of discretion on the part of the court below in refusing to grant an injunction.

APRIL 13, 1911.

Refusal of injunction.　Before Judge Morris.　Cobb superior court.　July 2, 1910.

*Mozley & Moss* and *H. M. Bradwell,* for plaintiffs.

*D. W. Blair,* for defendants.

BECK, J.　Three named persons, alleging themselves to be three out of the total number of five trustees of the Roswell Methodist Episcopal Church, South, brought their equitable petition against the other two trustees and a third person who they allege is not a trustee, seeking to enjoin the sale of the Roswell Church building and lot by the defendants, who they allege are threatening to sell the same and turn the property over to the purchaser.　Later, by appropriate amendment, the plaintiff struck one of the named trustees as a defendant, leaving their petition to stand against one trustee and one person who they allege is not a trustee, though claiming himself to be and proposing to act as such.　It is further alleged in the amendment, that, "Since the filing of said suit, the trustees in a regular meeting called by the chairman by a majority vote have declared against the sale of the property, and petitioners insist that no sale of the property in question can be made without the joint act of all the trustees."　The defendants answered these and other allegations of the petition, and on the interlocutory hearing the court refused to grant the injunction prayed; to which ruling the plaintiffs excepted.

Whether under the express provisions of the trust deed by which the property in controversy was conveyed to the original trustees and their successors in office the trustees of the Roswell Methodist Episcopal Church, South, would have authority to sell the property or permit it to be devoted to other uses than those pointed out in the deed, it is not now necessary to decide.　Under the pleadings and evidence in the case the court did not abuse his discretion in refusing the interlocutory injunction sought by petitioners, as it appears, according to the allegations in the petition and the amendment thereto and the contentions of the petitioners, as shown by the evidence introduced by them, that less than a majority of the trustees are undertaking to dispose of the property; i. e. the Ros-

well Church building and lot upon which it is erected. Under this showing the court might well refuse to grant the injunction sought by the petitioners, inasmuch as the parties whom they sought to restrain from selling the property were powerless to accomplish that which it is alleged they were attempting to do. Injunction, therefore, was not necessary to prevent the threatened act, and the court did not err in refusing the injunction at the interlocutory hearing.

*Judgment affirmed. All the Justices concur.*