## Page v. O'Sullivan, et al.

### From Franklin Circuit Court on Motion to Dissolve Injunction.

1. **Prisons—Prison Guards Officers of the State—Performance of Duties of on Sabbath Not Forbidden by Law.**—By section 3813, Kentucky Statutes, and section 2 of an amendatory act of March 1, 1912, the Board of Prison Commissioners is authorized to appoint prison guards for a term of four years, but has not authority to remove them, "except after public hearing upon charges preferred against them, or any of them, in writing, for any of the following causes, to-wit: Political activity, insubordination, dereliction of duty, violation of the rules of management of said prison, or cruelty to prisoners." Being an officer of the State and required by a rule of the Board of Prison Commissioners to attend at the penitentiary on Sundays, as on other days of the week, for the purpose of maintaining proper discipline among its inmates and preventing their escape, a prison guard cannot avoid the performance of such duties on the Sabbath upon the ground that such work is forbidden by law. And as the duty resting upon him of maintaining discipline among and preventing the escape of the prisoners is as necessary of performance upon the Sabbath as on other days of the week, such prison guard, even if he were a mere employe instead of an officer of the State, would not be allowed to refuse its performance upon the ground mentioned, unless the contract of employment so provided.

2. **Prisons—Compensation of Prison Guards—Calendar Month**—The compensation of prison guards is fixed at $75.00 each per month, and, as declared by section 452, Kentucky Statutes, "the word month shall be construed to mean a calendar month," the salary thus fixed by the statute compensates the prison guard for such

duties as he may be required by his official position to perform on the Sabbath; and as sections 161-235, Constitution, forbid any increase of or change in his salary during the term for which he is appointed, he will not be permitted to claim additional compensation for the performance of such duties or labors as may be required of him on the Sabbath.

3.  Prisons—Labor of Prison Guard on Sabbath—Work of Necessity.—The work required of the prison guard by the Statute and rules of the Board of Prison Commissioners is such work as the law regards "work of necessity," in the meaning of that term as used in section 1321, Kentucky Statutes, which declares: "No work or business shall be done on the Sabbath day, except the ordinary household offices, or other work of necessity, or charity. * * * "

GUY H. BRIGGS and SCOTT & HAMILTON for plaintiff.

JAMES GARNETT, Attorney General, and O. S. HOGAN, Assistant Attorney General, for defendant.

OPINION BY JUDGE SETTLE—Sustaining Motion to Dissolve Injunction.

After service of more than a year and a half as a prison guard at the Frankfort Penitentiary, the plaintiff, E. C. Page, came to the conclusion that the defendants, Daniel E. O'Sullivan and others, constituting the State Board of Prison Commissioners, had erred in the matter of requiring him to perform on the Sabbath, as on other days of the week, the duties appertaining to his official position; so on Sunday, May 31, 1914, he refused, when so ordered by them, to perform such duties on that day, whereupon they advised him that such refusal constituted insubordination and dereliction of duty, which, if persisted in, would result in his dismissal as a prison guard.

Thereafter he brought this action to enjoin the State Board of Prison Commissioners from requiring him to perform his duties as a prison guard on Sunday, and to prevent his discharge by them for his refusal to labor on Sunday.

He also asked that the Prison Commissioners be compelled, by mandatory injunction, to appoint additional prison guards, so that "none of the prison guards will have to work more than six days in each week."

On the plaintiff's application for the injunction, the defendants filed a general demurrer to the petition, but it was overruled by the Circuit Judge and the injunction granted as prayed in the petition. The case is now be-

fore me, a Judge of the Court of Appeals, on the defendant's motion to dissolve the injunction.

In view of the importance of the question involved, objections which do not go to the merits of the case will be waived and the motion to dissolve the injunction decided upon the law and facts. Briefly stated, the plaintiff's contention is that the Board of Prison Commissioners is without power to require him to render service as a prison guard on Sunday; and that, in the absence of such power, it can have no legal right to discharge him for failure to perform on Sunday the work imposed by the duties of his position.

This contention rests upon the assumption that plaintiff is a mere employe of the State and that his only duty to the State arises out of a contract of employment made with it through the Board of Prison Commissioners; and furthermore, that the performance of such work on the Sabbath as is required of him by the Board is forbidden by the law of the State.

This contention is unsound. The plaintiff's duties to the State are not created by contract, but are prescribed by statute and defined by the rules and regulations of the Prison Board, which the statute empowers it to adopt and enforce. In brief, a prison guard is an officer of the State, so named by Section 3813 Kentucky Statutes, and Section 2 of the act amendatory of the statute of which that section is a part, approved March 1, 1912, both providing that prison guards shall be appointed by the Board of Prison Commissioners for a term of four years, and shall not be removed by the Commissioners, "except after public hearing upon charges preferred against them, or any of them, in writing, for any of the following causes, to-wit: political activity, insubordination, dereliction of duty, violation of the rules of management of said prison, or cruelty to prisoners."

Being, therefore, an officer by appointment of the Board of Prison Commissioners, under its control, and charged by law and the published rules and regulations of its adoption, with the performance of duties, certain of which require him to attend at the penitentiary on Sundays as well as other days of the week, for the purpose of guarding, preventing the escape of persons confined therein, subjecting them to proper discipline and performing such other work as appertains to his official position, plaintiff cannot justify his failure to per-

form the duties or work demanded of him on the Sabbath upon the grounds, or any of them, urged by him. Obviously, there is the same necessity for the performance of such work by him on Sunday as on other days; indeed, the necessity is greater, for, if unguarded on Sundays when they do not have to labor, the convicts would be freer to indulge in acts of lawlessness and have better opportunities for planning and effecting their escape from the penitentiary.

The Sabbath work required of the plaintiff as a prison guard is, therefore, clearly a work of necessity; and this being true, neither its performance by him nor the act of the Board of Prison Commissioners in compelling its performance, can be a violation of the law. It is such work as the law regards "work of necessity," in the meaning of that term as used in Section 1321 Kentucky Statutes, which declares, "No work or business shall be done on the Sabbath day except the ordinary household offices, *or other work of necessity,* or charity. *   *   *  *  "*

In Commonwealth vs. L. & N. R. R. Co., 80 Ky., 291, it was held that it was not a violation of this statute for the railroad company to transport passengers upon its trains on the Sabbath; and in the opinion, the meaning of the words, "work of necessity," contained in the statute, is thus defined: "The law regards that as necessary which the common sense of the country, in its ordinary mode of doing business, regards as necessary."

A much narrower construction of the statute than that given in the case, *supra,* would still leave room for the conclusion that it does not prohibit the service required of the plaintiff by the Board of Prison Commissioners. It would be without the bounds of reason to say that the Legislature, in enacting the statute providing for the appointment of prison guards, did not understand the necessity of their guarding the convicts on Sunday, and equally unreasonable to say that the plaintiff in applying for and accepting appointment as a prison guard was unaware that the performance of such service would be required of him.

By Section 3813 Kentucky Statutes the compensation of the prison guards is fixed at "$75.00 each per month." The statute does not exempt them from the performance of their duties on Sunday; and Section 452 Kentucky Statutes declares that "the word *month* shall be construed to mean a calendar month." So, when the

plaintiff accepted the position as officer or prison guard, he knew that he would receive for his services as such $75.00 per calendar month, including Sundays, and that the performance of the duties appertaining to the position would be required of him on Sundays as on other days of the week.

In Words and Phrases, Vol. 5, page 4574, it is said:

"But the holding now seems to be that the word (month) in whatever connection it is used, signifies a calendar month, unless a contrary intent is indicated, and in many states this rule has been fixed by statute." Words and Phrases, Vol. 5, page 4575; Pyle v. Maulding, 30 R., 207; Hopkins v. Chambers, 23 R., 261.

If, however, the contention of the plaintiff that the duties that can be required of him as a prison guard result from contract, should be accepted, it would not exempt him from the performance of such duties on the Sabbath, because the service or work is one of necessity, which the contract, if it can be said to rest on contract, as well as the nature of the employment, requires plaintiff to perform. Knowing all this when he accepted the position, and that his employment was by the calendar month, at a salary of $75.00 per calendar month, in the absence from the contract of a provision relieving him of the performance of his duties on the Sabbath, he would have to perform them on that day as on any other day of the week.

In Robinson v. Webb, 73 Ill., 569, it was held that:

"Where a man enters the employment of a farmer as a farm hand at a stipulated price per month, knowing that work in the nature of 'choring' will be required of him on Sundays, the law will not imply a promise to pay additional wages for such work. The agreement to labor by the month 'for a certain compensation includes such work and before a recovery could be had for it, it would devolve upon the plaintiff to show that there was a special agreement on the part of the employer to pay extra therefor.' "

Although there is no claim to additional compensation for Sunday work made by the plaintiff in this case, as it is incidentally involved, it is deemed proper to say that, if based upon the claim of a contract with the State for the reasons above mentioned, those stated in the case, *supra,* and other authorities that might be cited, the recovery of such additional compensation could not be allowed plaintiff.

On the other hand, if the plaintiff is an officer it cannot be recovered, because the Constitution of the State (Sections 161-235), provides that the salaries of public officers—whether the office be created by the Constitution or a Statute—cannot be increased or changed during the terms for which they are elected or appointed, where such terms are fixed by law. In numerous decisions of the Court of Appeals, these mandatory provisions of the Constitution have been declared and enforced.

Board of Education v. Moore, 114 Ky., 640; Butler County v. James, 116 Ky., 575; Thomas v. Hogan, 120 Ky., 428; McNew v. Nicholas County, 30 R., 1147; Slayton v. Rogers, 32 R., 896; Bright v. Stone, 20 R., 817; City of Owensboro v. Stirman, 8 R., 263; Ludlow v. Richie, 25 R., 1581.

In Tyrrell v. The Mayor, 159 N. Y., 239, the question of the right of a salaried officer of a city to extra compensation for services rendered in his official capacity on Sunday, seems to have been directly involved, and the court held:

"A public officer who receives an annual salary for his services cannot recover extra compensation for services rendered on Sunday, unless some statute allows."

The plaintiff's final contention that the work required of him on Sunday is due to the failure of the Board of Prison Commissioners to appoint more, or a sufficient number of guards, is manifestly without merit. It is not alleged in the petition that the number of prison guards is insufficient, or that there has been a reduction in the number since the plaintiff's appointment; nor is it alleged that any duties are required of the plaintiff on Sundays that are not required of the other prison guards or that anything has been done by the board to unduly increase his labor.

It is, however, a matter of common knowledge that under the parole system, the number of convicts in the penitentiary has recently been lessened by the discharge of three hundred or more of them, yet while this must have lightened to some extent the labors of the prison guards, it has not resulted in any diminution of their number. It is not meant by this statement to say that the services of all or any of the prison guards at present acting are not needed, for they doubtless are, but simply to indicate that there is no ground for the plaintiff's

complaint that the present number of guards is insufficient. The Board of Prison Commissioners, in supplying guards for the penitentiary and reformatories, must limit their number to the requirements of the statute and the needs of these institutions, and the discretion with which the law clothes them cannot be interfered with as here attempted. Especially is this so where, as in this case, neither abuse of discretion nor other dereliction of duty is alleged or shown.

It is not perceived how the appointment of additional prison guards would relieve the plaintiff of the work he is required to do on the Sabbath, unless it is his meaning that they, or some of them, should be made to do the Sunday work which now falls to his lot; and that it would be no violation of the law for some other guard to do the work on Sunday, which it is claimed the law forbids his performing on that day. Surely, if it is illegal for the plaintiff to do the work on Sunday required of him by the Prison Board, it would also be illegal for another or extra guards to do the same work on Sunday. The statement of the proposition destroys the contention. An increase in the number of prison guards would not remove the necessity of guarding the convicts in the penitentiary on Sunday. That work being one of necessity, the duty would still have to be performed and the Board of Prison Commissioners, in requiring the plaintiff to share equally with the other prison guards in its performance, has neither violated the law nor abused its discretion.

As no charges have been filed against the plaintiff by the Board for his refusal to perform on Sunday the duties required of him as a prison guard, the mere fact that its members have threatened that such charges would be preferred, if his refusal to work on the Sabbath is persisted in, can of itself, afford no ground for injunctive relief. In the absence of some showing that the Board was illegally proceeding in the matter complained of, the injunction should have been refused.

For the reasons stated, the motion of the defendants is sustained and the injunction dissolved. Judge Hannah sat with me in the consideration of this case and concurs in the conclusions expressed in the opinion. With the approval of the whole court, this opinion is ordered to be published in the Kentucky Reports.