In the Matter of the Claim of Cornelius Ryan, Respondent, *v.* The City of New York, Appellant.

State Industrial Commission, Respondent.

**New York (city of) — Workmen's Compensation Law — policeman of New York city not entitled to award under Compensation Law for injuries received while serving as patrolman.**

1. Policemen of the city of New York do not need the protection of the Workmen's Compensation Law because compensation is assured to them by an independent statute. (Greater N. Y. Charter, § 292; Police Department Rule, 597; Charter, §§ 354, 355.) The special

statute stands, untouched by a later statute of general application, unless the purpose to destroy the special scheme is unmistakably declared and this the legislature has not done.

2. A member of the police force of a city with the rank of patrolman, detailed to service at a precinct police station, is not engaged in any employment enumerated in group 44 of section 2 of the Workmen's Compensation Law, which includes keepers, guards, nurses or orderlies in prisons, insane asylums or hospitals, or in group 42, which includes the maintenance and care of buildings. His occupation is that of patrolman, and his position a public office; and, hence, he is not entitled to an award for injuries received by a fall caused by the breaking of a box upon which he was standing to remove an electric light bulb.

*Ryan* v. *City of New York*, 189 App. Div. 49, reversed.

(Argued January 5, 1920; decided January 20, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 23, 1919, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*William P. Burr, Corporation Counsel (John F. O'Brien William E. C. Mayer* and *Isaac F. Cohan* of counsel), for appellant. A policeman, being a governmental agent of the state, performs official duties of a sovereign character and is not engaged in an employment by the city of New York within the meaning of group 43 of the statute. Official tenure does not constitute an employment. (*Spinks* v. *Village of Marcellus*, 180 App. Div. 732; *Matter of Mueller* v. *City of New York*, 189 App. Div. 363; *Blynn* v. *City of Pontiac*, 185 Mich. 35; *Griswold* v. *City of Wichita*, 99 Kan. 502; *Marshall* v. *City of Pekin, Ill.*, 114 N. E. Rep. 497; *Wilcox* v. *City of Rochester*, 190 N. Y. 137; *Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536; *Matter of Tiffany*, 179 N. Y. 455; *Murtagh* v. *City of New York*,

2

106 App. Div. '98; *People* v. *Rathbone*, 145 N. Y. 434; *Matter of Hathaway*, 71 N. Y. 238.) Sections 272, 292 and 300, Greater New York charter, and rule 597 of the police department exclude the operation of the Workmen's Compensation Law. (*Maclay* v. *City of St. Paul*, 172 N. W. Rep. 215; *Matter of Bowne* v. *Bowne Co.*, 221 N. Y. 28; *Matter of Howard*, 221 N. Y. 605.)

*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for respondent. The claimant was an employee of the city of New York and entitled to compensation for the injury he received. (*State ex rel. City of Duluth* v. *District Court*, 158 N. W. Rep. 790; *Village of Kiel* v. *Industrial Commission of Wisconsin*, 158 N. W. Rep. 68; *Village of West Salem* v. *Industrial Commission of Wisconsin*, 155 N. W. Rep. 929; *U. S.* v. *Maurice*, 103 Fed. Cas. 15747; *Atty.-Gen.* v. *Cain*, 84 Mich. 223; *Matter of Bowne* v. *Bowne Co.*, 221 N. Y. 28; *People* v. *Rathbone*, 145 N. Y. 434.)

Cardozo, J. The claimant is a member of the police force of the city of New York with the rank of patrolman. He was detailed to service at the thirty-seventh precinct police station. His chief duties there were to guard the prisoners and to keep part of the building in order. On June 11, 1918, while standing on a box in order to remove an electric light bulb, he was thrown to the floor by the breaking of the box; and disability for a little more than a month resulted from his injuries. The question is whether the case is within the Workmen's Compensation Law (Consol. Laws, chap. 67).

Employees of the state or of a municipal corporation have the protection of the statute if they are engaged in one or more of the enumerated hazardous employments (Workmen's Comp. Law, § 3, subds. 3 and 4; § 2, subd. 43). To sustain the award, we must be able to say that the claimant was an employee so engaged, when his

injuries were suffered. The argument is that he comes within two groups: group 44 of section 2, which includes " employment as a keeper, guard, nurse or orderly in a prison, reformatory, insane asylum or hospital, maintained or operated by the state or municipal corporation or other subdivision thereof," and group 42, which includes the " maintenance and care of buildings." We think the claimant has not brought himself within either of these classes. His occupation was not that of a turnkey or keeper. It was not that of the maintenance or care of buildings. His occupation was that of a patrolman, and his position a public office, with functions which, however diverse, have an identity all their own (*Blynn* v. *City of Pontiac*, 185 Mich. 35; Greater N. Y. Charter, §§ 276, 283). He did not become a turnkey or a janitor because the work to which he had been detailed by his superiors was similiar to that which turnkeys and janitors often do. One might as well say that an officer assigned to duty in the mounted squad would be classified as a hostler. We have recently had occasion to emphasize the distinction between offices or positions, and details or assignments (*People ex rel. O'Connor* v. *Girvin*, 227 N. Y. 392). Policemen do not change their occupations as they render now this service and now that one in obedience to the call of duty. The occupation remains single through all its multifarious incidents.

Any other conclusion involves the scheme of the statute in hopeless vagaries. It means that in awarding compensation to members of the police force, the typical hazards have been ignored, and the trivial ones rewarded. The officer who battles with a burglar has been excluded, and the one who spends his days in the shelter of the station has been singled out for protection. We will not readily impute to the legislature a discrimination so unreasonable. The occupation of a policeman, if there had been any purpose to bring it within the statute, would have been brought there in its entirety. Dis-

crimination, were there any, would be in favor of the hazards that are greatest, and not of those that are least.

The truth is that the claimant and his brother officers do not need the protection of the Workmen's Compensation Law, and the legislature did not mean that they should have it. They do not need it, because compensation is assured to them by an independent statute, with its own special and comprehensive scheme. In case of temporary disability, incurred in the performance of duty, there may be leave of absence on full pay (Greater N. Y. Charter, § 292; Police Department Rule, 597). In case of permanent disability or death, there are pensions for the officer, and for his widow or children (Greater N. Y. Charter, §§ 354, 355). We cannot think that this carefully developed scheme for the relief of policemen and their dependents has been mutilated, if not altogether superseded, whenever a policeman does something which is also done by a workman in one of the hazardous employments. The legislature must speak more plainly before we will adopt a construction that leads to such results. The special statute stands, untouched by a later statute of general application, unless the purpose to destroy the special scheme is unmistakably declared (*Matter of Commissioners of Central Park*, 50 N. Y. 493, 497).

The order of the Appellate Division and the award of the Industrial Commission should be reversed, and the claim dismissed, without costs to either party.

HISCOCK, Ch. J., CHASE, COLLIN, POUND, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.