BOOKBINDERS' TRADE ASS'N, Inc., et al.
v. BOOK MFRS.' INSTITUTE, Inc.,
et al.

District Court, S. D. New York.
July 11, 1934.

848

Alexander Schwartz, of New York City, for complainants.

Martin Conboy, U. S. Atty., of New York City (Francis H. Horan and Clarence W. Roberts, Asst. U. S. Attys., both of New York City, of counsel), for defendants.

PATTERSON, District Judge.

The case comes up on motion by the plaintiffs for a preliminary injunction and on motion by the defendant Straus to dismiss the bill as insufficient on its face.

The bill alleges that under the National Recovery Act of June 15, 1933 (48 Stat. 195), a code of fair competition for the graphic arts industries was approved by the President on February 17, 1934; that the code by its terms covers not merely the bookbinding industry, in which the plaintiffs were engaged, but some thirty-one other industries as well; that the plaintiffs are not engaged in interstate or foreign commerce, their business being confined to the state of New York; that the officers of the National Recovery Administration while engaged in formulating the code employed trickery and unfair tactics in an effort to benefit the printing industry and to destroy the binding industry; that the code adopted after such tactics is oppressive and discriminatory against those who follow the binding trade; and that the code authorities have threatened the plaintiffs with criminal prosecutions and assessment of penalties unless they approve the code and join an association subservient to the code. The defendants are various officers and bodies clothed with or claiming authority to administer the code. It is claimed that the code is invalid because it embraces several industries instead of only one, and further that in any event the code is inapplicable to the plaintiffs who are engaged only in intrastate commerce. The relief demanded comprises an adjudication that the National Recovery Act is unconstitutional and void, an adjudication that the code is void, an adjudication that the code is inapplicable to the plaintiffs, and an injunc-

tion restraining the defendants from enforcing the code against the plaintiffs.

▌ Apart from its injunctive aspect, the bill states no "case or controversy" cognizable by a federal court. The plaintiffs' desire that the court make a pronouncement on the validity of the statute and the code is evident, but the court has no power to give an advisory opinion or to pass upon rights in the abstract. Muskrat v. United States, 219 U. S. 346, 31 S. Ct. 250, 55 L. Ed. 246; Texas v. Interstate Commerce Commission, 258 U. S. 158, 42 S. Ct. 261, 66 L. Ed. 531; New Jersey v. Sargent, 269 U. S. 328, 46 S. Ct. 122, 70 L. Ed. 289. The power to determine the validity or the applicability of the statute and the code is present only to the extent that a decision of these points is inevitable in deciding whether the plaintiffs should have an injunction. The bill fails altogether, therefore, unless the case disclosed by it is one where the court will protect the plaintiffs by issuance of an injunction.

██ The plaintiffs say that the defendants are threatening them with criminal prosecutions and punitive assessments. But such threats coming from the defendants are nothing but idle gestures. Under the National Recovery Act there are only two methods of enforcing a code, the one by suit in equity to restrain violations and the other by criminal prosecution, and as to both it is the United States attorney who is to institute the proceedings. Section 3 (c) and (f) (15 USCA § 703 (c, f). The United States attorney is not made a party to this suit, nor is there any charge that he is about to take action against the plaintiffs. A suit for an injunction will not be entertained where those who are said to threaten injury to the plaintiff admittedly have not the power or ability to carry their threats into effect. City of Osceola, Iowa v. Utilities Holding Corporation, 55 F.(2d) 155 (C. C. A. 8); Carpenter v. Crowley, 136 Ga. 179, 71 S. E. 2; Venner v. Chicago City Ry. Co., 258 Ill. 523, 101 N. E. 949; Page v. O'Sullivan, 159 Ky. 703, 169 S. W. 542; Union Cemetery Ass'n v. McConnell, 124 N. Y. 88, 26 N. E. 330.

For these reasons the bill does not set forth a cause of action.

The motion to dismiss will accordingly be granted. The motion for preliminary injunction will be denied.