## REESE DAVIS
### vs.
## EDWARD A. PLATT, Sheriff

Superior Court            Fairfield County            File #48363

Present:  Hon. NEWELL JENNINGS, Judge.

Wilson & Mara,                    Attorneys for the Plaintiff.

Pullman & Comley,                Attorneys for the Defendant.

## MEMORANDUM FILED JULY 14, 1936.

JENNINGS, J.   The facts in this case were not disputed. The plaintiff is an honorably discharged World War veteran. He was appointed a keeper of the jail on June 1, 1931 by Sheriff Reilly.   He acted as night keeper and was in charge during that time.   When Sheriff Platt succeeded Sheriff Reilly on June 1, 1935 the plaintiff was not re-appointed.   He protested, claiming under Cumulative Supplement 775c.   No question is raised as to his competence.

The act in question reads as follows:

"Sec. 775c.   Preference of veterans in state employment. (a) Honorably discharged veterans of all wars engaged in by the United States shall, when qualified, be preferred for employment in all public departments and upon all public works in the state or any county thereof, including positions in all state and county departments and institutions.   No veteran holding such a position shall be removed therefrom except for incompetency or misconduct or have his compensation reduced except for cause and after a hearing preceded by due notice.   Any veteran who shall be removed from any such position, or whose compensation shall be reduced while so employed, may appeal from the action or decision relating to such removal or reduction to the superior court in the county in which such veteran is employed.   Such appeal shall be privileged in the order of its trial and shall be tried to the court.   No costs shall be taxed upon such appeal in favor of either party.   If such appeal shall be sustained, the appellant shall be reinstated on the same terms as to employment and compensation as existed prior to such removal, with full pay from the date of his removal.   Age, loss of limb or other physical impairment, which does not in fact incapacitate, shall not disqualify such veteran, if possessed of the other requisite qualifications."

For the previous forms in which this statute has appeared see **Public Act 1901 Chapter 35 Sec. 1, 2, 3, 4; General Sta-**

stute 1902 Sections 2876-8; Public Act 1917 Chapter 149; Public Act 1921 Chapters 85, 95; General Statutes 1930 Sections 1958, 1959.

The decision in this case turns on the definition of the word "employment". In Sibley vs. The State, 89 Conn. 682, the high sheriff was held not to be an employee of the State within the meaning of the compensation act. In discussing this question, the court said at page 687:

"The State, like public municipal corporations and private firms and individuals, may be and is a large employer of persons by contract. The state and the person or persons whom it employs to care for the lawns surrounding the capitol are as much employer and employee as are the householder and the person who is employed by him to mow his lawns; but no one would say that the Governor and other public officers who exercise the sovereign powers of the State and receive, as such officers, the salary attached by law to their offices, are mere employees of the State. While exercising those powers they represent the State. The office is a trust and not an employment; the salary attached is for the maintenance of the office and not a payment for the incumbent's services."

This case advances us this far, that, at least under the compensation act, the high sheriff is not an employee but the person hired to care for the capitol grounds is an employee. The question was further investigated at great length in the case of MacDonald vs. New Haven, 94 Conn. 403, the court there concluding that policemen and firemen were not city employees. The case is filled with apt quotations. See also 44 A.L.R. 1478; Farrell vs. Bridgeport, 45 Conn. 191, 195; McDermott vs. New Haven, 107 Conn. 451; and Ryan vs. New York, 228 N.Y. 16, 126 N.E. 350, 10 A.L.R. 202 n.

In Robinson vs. The State, 93 Conn. 49, it was assumed that an assistant foreman of the State Highway Department was an employee and the same conclusion was reached in Burrell vs. Bridgeport, 96 Conn. 555, with reference to a superintendent of bridges. In Markham vs. Middletown, 102 Conn. 571, it appears that when the tree warden is exercising his supervisory powers as such he is a public officer but when he is sawing off a limb he is an employee. School committeemen are public officers. Keegan vs. Thompson, 103 Conn. 418, 420. So is a prison guard. Page vs. O'Sullivan, 159 Ky. 703, 169 S.W. 542.

If the cases cited do not furnish sufficient authority, additional cases will be found in the briefs filed. If still further light is desired, hundreds of cases are cited in the note in 53 A.L.R. 595. The general rule is stated in this note to be: "It may be stated, as a general rule deducible from the cases discussing the question, that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which are continuing in their nature and not occasional or intermittent; while a public employment, on the other hand, is a position which lacks one or more of the foregoing elements."

The principal duty of the sheriff of a county was originally the preservation of the public peace and order. This duty having been taken over by the State and local police except in certain unusual emergencies, his principal duties now are the appointment and supervision of proper deputies for the service of civil process and attendance in court and the keeping of the county jail. The latter duty is of the first importance and places a heavy responsibility on the sheriff personally. It has always been customary in Connecticut for the sheriff to rely on his personal appointees in carrying out this duty. If jail keepers were appointed by a non-partisan civil service commission, the situation would be entirely different from that existing at present.

In view of the fact that the 1935 Statute, while broadening the protection given to veterans by the former acts, dropped the word "appointment" and left only the word "employment", I am of the opinion that it was not the intention of the legislature to include jail keepers within its meaning and that they are public officers.

Judgment for the defendant.