In the Matter of the Claim of ALICE W. PILGER, Respondent, against COUNTY OF WESTCHESTER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 18, 1954.

*Anthony J. Caputo* for Interboro Mutual Indemnity Insurance Company, appellant.

*Harry G. Herman, County Attorney (Ogden C. Noel* of counsel), for County of Westchester, appellant.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Perry Moss* for Aggregate Trust Fund.

BERGAN, J.   The claimant's husband was employed by Westchester County and was a member of the New York State Retirement System.   He died of accidental injuries sustained in the course of employment.   The amount of his contributions

of $197 to the Annuity Savings Fund of the State Retirement System was paid to his beneficiary under Civil Service Law (§ 71, subd. d).

The claimant applied to the Retirement System for accidental death benefits and to the Workmen's Compensation Board for workmen's compensation benefits against the employing county under the Workmen's Compensation Law. The accidental death benefits in the Retirement System will exceed the award which has been made for compensation benefits.

The problem presented is whether claimant is entitled to compensation benefits to be credited against the retirement benefits; or, absent a right to compensation benefits, the Retirement System should be required to pay the full amount of the retirement benefits which have been computed.

The Workmen's Compensation Board has made an award requiring the carrier for the employing county to pay the award. From this decision the employer and carrier appeal. The question is to be decided by reference to statutory language which we think the board read correctly in reaching its decision.

Workmen's Compensation Law (§ 30) provides generally in its broad opening language that " No benefits * * * or insurance of the injured employee " shall be " considered " in determining the compensation except that in the case of death of an employee of a municipal corporation (among others) a benefit payable under a " pension system * * * which is not sustained or provided for in whole or in part by the contribution of the employee " may be applied toward the payment of a workmen's compensation death benefit.

There is no doubt that the employee whose death is involved here " sustained " and " provided " in some part for the benefits under the retirement " system " to which he belonged by his contributions. The separately maintained Annuity Savings Fund was part of the " system ". The argument of the appellants is that since one of the benefits to which his widow as beneficiary is entitled under that system is the payment of the amount of the contributions on occurrence of his death before retirement, it must be held that no part of the benefits " payable under the system " was " sustained " or provided for by his contributions.

We read the statute the other way. It opens with a general exclusion of benefits of any kind from consideration; and the exception to this exclusion is a narrow one relating, we think, to a system of public pension in which all sustaining moneys come from public sources and none from members.

Here the decedent paid what his contract required to sustain the system; and the repayment of the amount he paid is merely a quantum measure of a benefit to be derived by his estate upon the occurrence of an envisaged but uncertain contingency. In this respect it has some of the aspects of an insurance benefit.

The method by which the benefits in the system are provided and sustained becomes the test to be applied and not the measure by which the benefits are to be gauged when the contingency occurs.

The statute specifically provides that in the event of an award in compensation the death benefits under the Retirement System shall be reduced by the amount determined to be payable under an award in compensation (Civil Service Law, § 85, subd. a; compare § 81, subd. b). This suggests, too, that the Legislature had in mind, as to the State Retirement System at least, that workmen's compensation benefits would sometimes parallel benefits from that system.

The award should be affirmed, with costs to the Workmen's Compensation **Board.**

Foster, P. J., Coon, Halpern and Imrie, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board. [See *post*, p. 855.]