In the Matter of the Claim of DAGNEY E. CHABALA, Respondent, against COUNTY OF WESTCHESTER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 8, 1954.

*Anthony J. Caputo* for Interboro Mutual Indemnity Insurance Company, appellant.

*Harry G. Herman, County Attorney* (*Ogden C. Noel* of counsel), for County of Westchester and another, appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Paul L. Bleakley* for claimant-respondent.

*Per Curiam.* Claimant's husband was a Westchester County policeman and was fatally injured October 3, 1948, when he was thrown from a motorcycle on Bronx River Parkway. An award has been made to claimant by the Workmen's Compensation Board, which, if valid, would be payable notwithstanding claimant is also entitled to benefits under the New York State Retirement System. The amount payable in retirement benefits is in that event to be reduced by the amount of the benefits determined and payable under the compensation award. (*Matter of Pilger* v. *County of Westchester*, 284 App. Div. 242; Civil Service Law, § 85, subd. a.) The board was of the opinion that the position of policeman is a hazardous occupation and is covered generally within the scope of appropriate Workmen's Compensation Law groups and classifications.

For the purposes of the case before us it is unnecessary to decide the question that would arise if there were no specific coverage, and we do not decide it. (Cf. *Matter of Ryan* v. *City of New York*, 228 N. Y. 16.) There is no doubt that a county may voluntarily provide coverage for a policeman and in the event of such coverage provision a death or injury to the policeman is compensable. There is in this case an express factual finding that Westchester County elected to provide coverage for decedent and that he '' was an employee expressly covered by the terms of the policy ''. A standard workmen's compensation policy issued by the insurance carrier appellant in favor of the county is in evidence and was in full force at the time of the employee's death. It expressly covered policemen without exception.

The provisions of the Workmen's Compensation Law (§ 3, subd. 1, group 19) are that an employer may bring employment not specifically listed as hazardous within the coverage of the statute "by securing compensation to his employee". In immediate context of this language it is also provided that a municipal corporation may bring its employees or officers not specifically listed in hazardous classifications within coverage by "appropriate action" of the legislative or governmental body.

The furnishing of such coverage by the county would seem to bring policemen within the protection of the act, and, in the light of the fact that a specific premium was paid for coverage of policemen from public money, it must be presumed that there was "appropriate action" by the proper governmental authority. The proof of failure to find such legislative act in a search covering a limited period as shown in this record does not defeat the presumption or the finding of the board on the facts and there is a distinction between "appropriate action" which might be inferred from the acceptance of the policy alone and the "separate and distinct action" appearing in context of the same paragraph relating to coverage of civil defense groups. The Legislature clearly had a difference in mind on the formalities involved.

The argument which the carrier appellant pursues is, in effect, that the policeman was not in a hazardous employment within the general scope of the statute, and hence not covered; but having received a premium under its policy affording specific coverage to policemen, it is estopped by section 55 of the statute from offering the defense of nonhazardous employment under the plain terms of its policy. It may have been the intention of the county not to have covered employees in work not specifically within hazardous groups where they had other benefits under a retirement system, but no such limitation found itself into the reciprocal contractual arrangements between carrier and employer as shown by their written documents.

The decision and award should be affirmed, with costs and disbursements to the Workmen's Compensation Board and printing disbursements to claimant-respondent.

Foster, P. J., Bergan, Halpern and Imrie, JJ., concur; Coon, J., not voting.

Decision and award affirmed, with costs and disbursements to the Workmen's Compensation Board and printing disbursements to the claimant-respondent. [See *post,* p. 856.]