**Dave FRANKLIN and Helen R. Dubin, Plaintiffs,**

v.

**Bernard HART, Joseph M. Hyman and Mayfair Music Corp., Defendants.**

United States District Court, S. D. New York.

March 16, 1955.

Wattenberg & Wattenberg, New York City, for plaintiffs.

Reinheimer & Cohen, New York City, for defendants Hart & Hyman.

BICKS, District Judge.

This is an application for an injunction pendente lite restraining the individual defendants from licensing or selling the title "Anniversary Waltz" to a motion picture producer.

The complaint purports to set forth three causes of action. It is alleged that plaintiffs in 1941 wrote and composed [1] a new and original musical composition and gave to it the title "The Anniversary Waltz"; that said title was new, original, fanciful and unique and was conceived and created by the plaintiffs; that said title has become identified in the public mind with the musical composition of like name "to such an extent as to constitute it as having a secondary meaning with the result that the [said] title * * * refers to and is connected only with said musical composition and no other musical composition, play, literary or dramatic work;" that the musical composition has attained and still retains a widespread popularity and that it, as well as the title constitute a valuable property right. The complaint then proceeds to recite that in or about April 1954 the individual defendants produced and presented on the living stage of New York City, a play entitled "Anniversary

1. The plaintiff Helen R. Rubin is the widow and successor in interest to one of the composers.

Waltz"; that the use of said title for said play was not authorized, consented to, or licensed and that said defendants, despite demands that they abstain from such use of the title, have persisted in using the same to plaintiffs' damage in the amount of $50,000. For a second cause of action plaintiffs assert that the conduct of the defendants has misled and deceived the public into believing that the musical composition was used in or formed the basis of the play and that such unfair competition has damaged plaintiff to the extent of $50,000. As a third cause of action it is alleged that the individual defendants have sought and continue to seek to sell or license the play "Anniversary Waltz" for use as a motion picture and that if a sale or license is consummated for such purpose the defendants will continue to use the title. Plaintiffs assert that the alleged conversion of their property rights and the alleged unfair competition engaged in by the individual defendants if allowed to continue will cause them irreparable damage which no remedy at law will adequately redress. The prayer of the complaint is for a money judgment and a permanent injunction restraining use of the title.

 The scope of the temporary injunction sought should be noted. Restraint of use of the title during the pendency of the suit is not applied for; rather only a sale or license thereof. It appears from the moving papers that the individual defendants are the general partners of Anniversary Waltz Company, a limited partnership which is the producer of the play entitled "Anniversary Waltz" and that their sole rights with respect to the play stem from and are set out in a certain Dramatic Production Contract dated November 24, 1953, they made with the authors of the play. Whatever motion picture rights, if any, inhere in the play and the title thereof are owned exclusively by the authors. While under the contract the defendants may participate in the proceeds of the sale of the motion picture rights it is clear that they have "no right, title or interest, legal or equitable" in such rights. A suit to enjoin threatened injury will not lie where those who are said to threaten the injury admittedly have not the power or ability to carry their threat into effect. Bookbinders' Trade Ass'n, Inc., v. Book Mfrs' Institute, Inc., D.C.S.D.N.Y.,1934, 7 F.Supp. 847.

It is not suggested that it is within the power of the defendants to confer upon a purchaser or licensee any greater rights to the title than the defendants themselves may have. This case is therefore to be distinguished from those in which the threatened sale is enjoined pendente lite because the sale to a bona fide purchaser would result in cutting off legal defenses available against the transferor. See 1 Pomeroy's Equity Jurisprudence, fifth ed. § 221c.

Plaintiffs have failed to make a sufficient showing of irreparable harm to justify granting injunctive relief at this posture of the suit, and accordingly the motion is denied.