In the Matter of the Claim of FRANK J. MUELLER, Respondent, against COUNTY OF WESTCHESTER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 10, 1959.

*Harry G. Herman, County Attorney,* for County of West-chester, appellant.

*Clark, Fox & La Guardia (Anthony J. Caputo* of counsel), for Interboro Mutual Indemnity Insurance Company, appellant.

*Louis J. Lefkowitz, Attorney-General (Roy Wiedersum* of counsel) for Workmen's Compensation Board, respondent.

*George Kelly* for claimant-respondent.

FOSTER, P. J. The County of Westchester and its insurance carrier appeal from an award of compensation on the ground that claimant, a police officer of the Westchester County Parkway Police, was not within the coverage of the Workmen's Compensation Law or of the insurance policy in force at the time of his accident.

On December 30, 1951, while in the performance of his duties, claimant sustained accidental injuries to his back. He received full pay and medical attention from Westchester County for a period of two weeks during which he did not work. No claim for workmen's compensation was filed until March 3, 1956. In January, 1955 claimant applied for accidental disability retirement from the New York State Employees' Retirement

System. The Comptroller granted his application as of April 1, 1955, but reduced the amount of his benefits by the amount claimant might be entitled to upon allowance of an award under the Workmen's Compensation Law. Apparently the Comptroller was of the opinion that such an award might become payable (Retirement and Social Security Law, § 64).

The board found that the policy of compensation insurance in force at the time of the accident covered the claimant. It also found that the issue of jurisdiction because of the alleged absence of policy coverage was not raised in accordance with statutory requirements, and the employer and the carrier by their conduct waived and are estopped from raising such issues; and also are guilty of laches in connection therewith. We find nothing in the record by way of substantial evidence to sustain the latter findings of the board. At the first hearing on the claim for compensation, the carrier raised questions of jurisdiction and coverage. At the third hearing and prior to any testimony by claimant, who incidentally gave none, the county raised similar issues.

Appellants contend that the board had no jurisdiction because claimant was a police officer and police officers were not covered by the policy in effect on the date of the accident. The board determined, according to its memorandum decision, that the policy issued covered claimant's employment with the Westchester County Parkway Police, and that in such policy there was no express or implied exclusion of such police officers. In arriving at this determination the board relied apparently upon the case of *Matter of Chabala* v. *County of Westchester* (284 App. Div. 341, affd. 308 N. Y. 1012). In the *Chabala* case however the policy involved expressly covered policemen without exception and the company received a premium therefor. In the light of those facts a presumption was held to exist that Westchester County, as the employer, elected to provide coverage for policemen under section 3 (subd. 1, group 19) of the Workmen's Compensation Law. The question that might have arisen if no specific coverage had been found was not decided, and it was so stated in the opinion of this court.

The facts of this claim so far as they are revealed by the record are quite different. The policy in question here excludes officers except those elected to be covered by the county, and both claimant and the county through counsel agree that the Board of Supervisors passed no resolution electing to cover police officers. Moreover it appears from the audits in evidence for the policy that no premium was collected for police officers except Special Parkway Police appointed for not more than 90

days. The claimant herein does not come within this classification. In view of these facts no presumption can arise to the effect that the Board of Supervisors of Westchester County took appropriate action to cover police officers generally.

The board appears not only to have relied very heavily on the decision in the *Chabala* case (*supra*), but to the added rationale that police were covered by the policy because they were not expressly excluded. In support of such rationale the Attorney-General argues that, since no question of policy coverage was raised concerning four previous accidents which claimant sustained in 1934, 1935, 1946 and 1947, the continuance of coverage must be assumed in the absence of specific proof of rescission. We do not agree with this proposition as a matter of law, but in any event it may be pointed out that the policy was changed and the classification of policemen was deleted. This is not a case of cancellation, and certainly the county had the right to provide for a new policy that would not include coverage of policemen. Where the county did not take formal action to provide for the coverage of policemen then such coverage can only be found in the policy itself unless it be held that policemen are in the same category as any other employee. The weight of authority is against such a proposition. A policeman is not considered to be a municipal agent or servant but a public officer performing a governmental function (*Matter of Evans* v. *Berry*, 262 N. Y. 61, 68; *Matter of Ryan* v. *City of New York*, 228 N. Y. 16, 19; *City of Albany* v. *Standard Acc. Ins. Co.*, 8 A D 2d 247). In the *Ryan* case it was pointed out that in New York City ample protection was afforded policemen by other provisions of law and that such laws governing disability pensions were not intended by the Legislature to be mutilated by equivocal provisions of the Compensation Law. The same reasoning may well apply to this case. These cases answer we think the argument that there is no distinction between employees engaged in hazardous employment and public officers whose duties are of a hazardous nature. Moreover, if no distinction existed, no purpose would be served by providing for an election of coverage in section 3 of the Workmen's Compensation Law.

Finally in this claim apparently the claimant is not really aggrieved. It is the New York State Employees' Retirement System that seeks diminution in benefits it may be required to pay for disability retirement in the form of compensation to be paid by the county or the carrier to the claimant. It is true that the system had no representative at any of the hearings so that no one was present to challenge the fact which claimant

and appellants agree to — that no resolution was passed by the County Board of Supervisors authorizing the coverage of workmen's compensation to police officers. This fact was not testified to by anyone, in fact no oral testimony was taken, nevertheless we think it is binding on this appeal. But in any event the matter is of small consequence for the board did not find that the county had by resolution elected to cover policemen; it simply found that they were not excluded from coverage and therefore covered.

The award should be reversed and the claim dismissed.

COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Award reversed and claim dismissed, without costs.