HON. MORRIS H. SCHNEIDER Corporation Counsel, Long Beach
This is in response to your letter where you ask for an opinion whether the City of Long Beach has a right to exclude paid police and firemen from workmen's compensation coverage where their contracts of employment call for full pay when injured, plus various retirement and medical payments.
Please be advised that under Section 3, subdivision 2, Group 17 of the Workmen's Compensation Law, which is the governing statute in the case of a municipality such as the City of Long Beach, workmen's compensation coverage is required generally for employees engaged in designated hazardous employments as described in groups 1 to 14 inclusive of the aforementioned statute.
However, none of the groups mentioned specifically require workmen's compensation coverage for policemen or firemen, and it has been held that a policeman of the City of New York is a public officer not embraced within the mandatory coverage provisions of the Workmen's Compensation Law, especially where other measures have been taken by the municipality to protect him in the event of illness or actual injury (Matter of Ryan v.City of New York, 228 N.Y. 16 [1920]). The Ryan case was subsequently cited with approval in Matter of Mueller v.County of Westchester and Westchester County Parkway Police,9 A.D.2d 312 (1959) which also dealt with a policeman, who had been voluntarily covered for workmen's compensation benefits under the Workmen's Compensation Law. Accordingly, we believe that under the law as outlined, the City of Long Beach is not required to have workmen's compensation coverage for its policemen and that the same opinion applies as to its firemen.
It must be noted that a municipality, if it desires, can voluntarily provide for workmen's compensation coverage for its policemen or firemen under Workmen's Compensation Law, Section 3, subdivision 2, Group 19 thereof. If this were done, the municipality would be entitled to reimbursement out of any workmen's compensation awards for wages paid during a period of disability for accidental injuries sustained by its policemen or firemen.